JOHN TORRENT v. ALEXANDER RODGERS AND ESAU TARRENT.

*Demurrer for uncertain averments.*

A bill in equity alleged that a patentee who had sold out his remaining rights to complainant had previously assigned to another person, with whom he is joined as defendant; he had obtained a re-issue of the patent to this assignee in consideration that the latter would manufacture enough of the patented machines to supply the market, license others to manufacture them, increase and report sales, pay a certain royalty, and prosecute infringers. The bill alleged that the assignee had neglected to do so; and waiving sworn answer prayed that he account for sales and settlements; that the assignment and re-issue be declared void as to the interests of the patentee and complainant, and that the assignee be ordered to re-assign or assign to complainant, or authorize complainant to prosecute or compromise or settle with infringers. A demurrer to this bill was sustained on the ground that it alleged a vague and contradictory agreement of which specific performance could not be granted, and that the grievances were susceptible of legal remedy.

Where answer under oath is waived, no ground of relief can be set up that rests merely on the necessity of a discovery.

Appeal from Muskegon. Submitted June 7. Decided June 18.

BILL FOR AN ACCOUNTING AND SETTLEMENT. The bill was dismissed below and complainant appeals.

*L. D. Grove* and *J. Baker* and *Smith, Nims & Erwin* for complainant.

CAMPBELL, C. J. The bill in this case, stated briefly, sets up the assignment by Esau Tarrent to Rodgers of a certain patent, and a procurement of a re-issue to Rodgers as such assignee. It avers that the consideration of the assignment was an agreement by Rodgers to make enough machines to supply the American market, and pay a royalty of $40 on each one sold,—to endeavor to get the machine largely circulated, and to report all

sales. It also avers that when it was proposed to obtain the re-issue it was further agreed that Rodgers should prosecute past and future infringers and get royalties from infringers, and increase the business so as to manufacture enough to supply the United States' demand, and license others to manufacture machines.

It then avers that persons who had before infringed ceased to do so after re-issue, and others sought to get license to manufacture which Rodgers refused, and that he has neglected to manufacture in many cases when he could have done so.

That in December, 1875, Esau Tarrent sold out his rights to complainant.

That Rodgers has compromised with various persons before and since the assignment to a large amount not known, and has not paid over the royalty; that infringements are now going on which he will not prosecute; that he has not reported sales; that he refuses to use reasonable means to introduce and manufacture the machines.

The prayer of the bill (which waives an answer under, oath) is that he account for sales and settlements; that the assignment and re-issue be declared void as to the interests of Esau Tarrent and complainant, and Rodgers decreed to re-assign the same, or that he be decreed to authorize complainant to prosecute, compromise or settle with infringers, or assign the patent to complainant.

This bill was demurred to and the demurrer sustained for uncertainty and some other defects.

We think the demurrer was properly sustained. The agreement set forth is contradictory as well as vague, and is not of such a nature that any court could grant specific performance. The grievances so far as appears, are susceptible of a legal remedy, and most of them of no other. An answer under oath being waived no ground of relief can be set up which rests merely on the necessity of a discovery. In the absence of any argument on behalf of the defendant, we do not deem it profitable

to extend our remarks upon the various defects. The bill contains nothing whatever with reasonable certainty.

The decree must be affirmed with costs.

The other Justices concurred.