HALLETT v. FISH.

(Circuit Court, D. Vermont. May 11, 1903.)

1. INSOLVENT NATIONAL BANK—RECOVERY OF TRUST FUNDS FROM RECEIVER.

Plaintiff furnished securities to the cashier of a bank, the insolvency of which was concealed from her, to be pledged as security for a note of the cashier, the proceeds of which were placed to the credit of such bank with its reserve bank. A portion of such proceeds was applied to the payment of an overdraft due the reserve bank, and the remainder stood to the credit of the insolvent bank at the time a receiver was appointed therefor, and came into his hands. *Held*, that plaintiff, having paid the note to release her securities, was entitled to recover from the receiver the portion of the proceeds which came into his hands, and, as to the remainder, was entitled to be subrogated to the right to dividends of the reserve bank, whose indebtedness it paid.

2. SAME—INTEREST.

One recovering money which came into the hands of the receiver of an insolvent national bank as a trust fund, of which she was owner, is not entitled to interest thereon.

See 120 Fed. 986.

H. Henry Powers, for plaintiff.

Frank L. Fish and F. F. Oldham, for defendant.

WHEELER, District Judge. At the argument no point was made as to any difference in destination of the proceeds of the plaintiff's securities. On settlement of the decree, that aspect of the case and questions relating to interest have been made and heard.

The National Bank of Redemption was reserve agent of the Farmers' National Bank, and had its gold reserve, amounting to $4,000. At the time of the pledge of the securities the Farmers' Bank appears to have been indebted to the Bank of Redemption for $6,682.82 paid on overdrafts unsecured, and for $4,000 more secured by the gold reserve, and, at the time of the going of the Farmers' Bank into the hands of the receiver, for $7,238.35 unsecured, and the same $4,000 more secured by gold reserve. So $7,238.35 of the avails of the securities went to a creditor of the Farmers' Bank, and reduced the amount of claims to which the receiver would make dividends, and did not go to the receiver to increase the amount from which he would make dividends. The residue of the avails is understood to have released the gold, so that, or the credit for it, went to the receiver, where the remainder of the credit appears to have gone, and thus to have swelled the assets in the hands of the receiver. As to the debt of the bank so paid off by her property, she seems entitled, upon plain principles of equity, to be subrogated to the rights of the creditor so paid to dividends. This is according to the principles of Case v. Bank, 100 U. S. 446, 25 L. Ed. 695. The plaintiff does not trace this part of the avails of her securities to the receiver, nor beyond this creditor, and she does not appear to be entitled to have it set apart from the assets in the hands of the receiver wholly for her benefit. The rights of other creditors intervened to prevent. Holly v. Domestic & Foreign Missionary Soc., 180 U. S. 284, 21 Sup. Ct. 395, 45 L. Ed. 531.

The other part, amounting to $17,761.65, is traced directly to the receiver, through the Bank of Redemption, with no right intervening. That bank is not a party here, and neither has had or made any claim to that part. That is a share of the assets in his hands belonging to her, to be separated from the rest for her. It has belonged to her all the while, and should be delivered to her. It is a right, and not a debt, and has never been a debt. This shows that it has not borne, and that she is not entitled to, interest upon it as such. It is not shown to have earned anything that she might rightfully claim as an increment. Neither is she entitled to recover interest, as an addition to damages, for she does not recover any damages; not damages for detention of her share, but the share itself is decreed to her as her own. And no interest or damage can be decreed to her on her share without taking it out of the share belonging to the creditors, which would be wholly inequitable.

The decree for the plaintiff for her share of the assets should be the same as before, except in amount; for her claim besides, it should follow the form of the judgment in Case v. Bank, 100 U. S. 446, 25 L. Ed. 695, before referred to.

Decree for plaintiff for $17,761.65 of the assets, and for $7,238.35 as creditor, and that the defendant pay or certify the same to ·the Comptroller for dividends thereon pro rata with other creditors, to be paid, so far as already paid to others, before further payments to them.