### BUTLER v. WESTERN GERMAN BANK.

(Circuit Court of Appeals, Fifth Circuit. February 25, 1908.)

No. 1,689.

BANKS AND BANKING—COLLECTION OF DRAFT WHEN INSOLVENT—RECOVERY OF PROCEEDS—INTEREST.

    Where a bank known by its officers to be insolvent collected money for a customer and mingled the same with its own funds which, to an amount larger than the sum received, passed to the bank's receiver in insolvency, the customer, though unable to trace the identical money into the receiver's hands, was entitled to recover from the receiver an amount equal to that collected but without interest, the general creditors of the bank not being responsible for the receiver's error of judgment in refusing to pay the claim on demand.

Appeal from the Circuit Court of the United States for the Southern District of Florida.

Duncan Upshaw Fletcher, for appellant.

J. C. Cooper and C. M. Cooper, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. This is a suit in equity brought by the Western German Bank against the receiver of the First National Bank of Florida to recover money collected by the latter bank for the complainant. This is the second appeal in this case. A statement of the case made by the bill and our opinion as to the law which should govern its decision appear in the report of the case on the first appeal. Western German Bank v. Norvell, 134 Fed. 724, 69 C. C. A. 330. The suit is for the recovery of $3,995, which the complainant alleges was collected for it by the First National Bank of Florida shortly before the latter bank went into the hands of a receiver, and

when it was insolvent and known to its officers to be insolvent. The complainant claimed the right to recover the entire collection notwithstanding the insolvency of the bank. The court below entered a decree for the complainant for the sum sued for, "with interest from March 14, 1903," and this appeal is from that decree.

On the merits of the case, it is sufficient for us to say that we concur in the conclusion of the learned trial judge who decreed that the complainant was entitled to relief. Concurring in the conclusion that the complainant, on the facts proved, is entitled to recover its money collected for it by the First National Bank of Florida, the only question to be decided is whether or not the circuit court erred in allowing the complainant to recover interest.

An examination of the cases showing the development of the doctrine of tracing funds or property throws light on this question. At first the equitable right of following misapplied money or other property into the hands of the parties receiving it depended upon the ability to identify it; the right attached only to the very property misapplied. This right was then extended to the proceeds of the property; that is, to that which was procured in place of it by exchange, purchase or sale. But the earlier cases held that if it became mixed with other property of the same kind so as not to be distinguishable, without fault on the part of the possessor, the equity was lost. But this view has been abandoned, and the doctrine now established is that confusion or the mixing of money or property with other money or property of the same kind does not destroy the equity, but converts it into a charge upon the entire mass, thereby giving to the party injured by the unlawful diversion a priority of right over the creditors of the possessor. This doctrine is now indisputably established. Richardson v. N. O. Deb. Red. Co., 102 Fed. 780, 42 C. C. A. 619, 52 L. R. A. 67, and cases there cited. What the courts set out to do from the first was to take the money—the identical money or property—from the wrongdoer, and give it to the true owner. When it could be identified, there was no hesitation; and, finally, when the identical coins or property could not be selected from the mass, the courts took out for the owner a like amount. We find no indication in the cases that the right extended beyond the amount of the property wrongfully converted or withheld.

The claim is for the funds or property converted or wrongfully withheld. It is not founded on the idea that the defendant owes to the complainant a debt; on the contrary, it is based on the fact that the conduct of the defendant has been such that the relation of debtor and creditor has not been created, as ordinarily occurs when a client makes a deposit with his banker. The equity, springing as it does from the right to trace the funds or property, does not extend to a right to take other funds or property by way of damages or interest. Especially is this true where it does not appear that the fund withheld has earned interest or profit, and where the defendant holds, also, as trustee the other funds or property with which the funds claimed were mixed. To allow interest in such case would be to permit the wrongful withholding of the fund by the defendant to create

a charge on other funds held by him in trust for the creditors of the bank. This would be inequitable. The investigation and decision of this case has, it is true, established the fact that the receiver should have surrendered this fund to the complainant, but an error of judgment by the receiver on this question should not make the creditors of the bank chargeable with interest on the fund withheld. Merchants' National Bank v̇. School District, 94 Fed. 705, 36 C. C. A. 432; Guignon v. National Bank, 22 Mont. 140, 55 Pac. 1051, 1097.

The decree will be amended here by striking out the words thereof which allow interest on the amount of the complainant's claim, and, as so amended, it is affirmed.

The appellee will be taxed with the costs of the appeal.