PATEK v. PATEK.

1. TRUSTS — BANKS AND BANKING — DEBTOR AND CREDITOR — DEPOSIT.

Averments of a bill of complaint representing that complainant's wife, without his knowledge or consent, while he was absent from home, deposited funds of clients, held by him, in defendant national bank, that neither complainant nor his wife had deposits in the bank, establish the contention that title to the money never passed to the bank so as to create the relation of debtor and creditor.

2. SAME.

And it was immaterial that the bank had no notice or knowledge that the deposit belonged to third parties.

3. SAME—INSOLVENCY.

Although the funds may have been mingled with the general funds of the bank, complainant is entitled to a lien upon the entire fund upon a bill showing that the bank which became insolvent had on hand an amount in excess of the deposit at all times since it was made.

4. SAME—INTERMINGLING TRUST FUNDS.

Money subject to a trust and intermingled with other funds is presumed to have remained intact as long as a sufficient amount remained to satisfy the lien of the *cestui que trust*.

5. SAME—DISCOVERY.

And the complainant was entitled to a discovery notwithstanding that he waived an answer under oath in his bill of complaint.

Appeal from Gogebic; Cooper, J.   Submitted April 14, 1911.   (Docket No. 55.)   Decided July 5, 1911.

Bill by Julius J. Patek against Bertha Patek, the First National Bank of Ironwood, and Philip Tillinghast, as receiver of defendant bank, for a discovery and other relief.   From a decree sustaining a demurrer to the bill of complaint, complainant appeals.   Reversed.

*Julius J. Patek, in pro. per.*

*Chester G. Rogers* (*Herb M. Norris* and *P. Tilling-hast*, of counsel), for defendants.

BIRD, J.   The bill of complaint in this cause was filed to establish a trust relation and to obtain a temporary injunction.   A demurrer was interposed and sustained, and complainant appeals.

The allegations of the bill in substance are:   That complainant is a lawyer and practicing his profession at Ironwood, in this State; that on April 3, 1909, just prior to departing on a business trip, he came into possession of $1,000 belonging to one of his clients, and placed it in a trunk in his dwelling; that during his absence, and on the 7th day of April, 1909, his wife, who is a native of Bohemia and who knows little about our language and business methods, took the money from the trunk and gave it to one of her small boys, with directions to take it to one of the three banks then doing business in that city. The boy took the money and delivered it to the defendant bank and was given a savings book, showing that Bertha Patek had deposited $1,000 in the bank.   That complainant was away from home much of the time until June 19th, when he was first informed of the deposit by his wife.   That on June 20th the bank was closed by the Federal authorities because of its insolvency, and Philip Tillinghast was appointed the receiver thereof.   It is alleged that neither he nor his wife was a depositor at defendant bank, and that his wife had no title nor interest in the money, and had no authority to remove the money from the trunk and deposit it in the bank, and that it was done without his knowledge or consent.

It is further alleged that the amount of the bank's funds turned over to the receiver was far in excess of said $1,000, and that the funds of said bank were always, from the time it received the deposit down to the time it went into the receiver's hands, far in excess of said sum of $1,000. It is charged in said bill that the relation of debtor and

creditor, with reference to said sum of $1,000, never existed between the said bank and the complainant, and it is further charged that the said sum in the hands of the said bank and now in the hands of the defendant receiver constitutes a trust fund in favor of the complainant, and that in equity and good conscience the same should be paid to the said complainant as a preferred claim.

By way of relief the complainant prays that said fund may be declared a trust fund, and that the defendant receiver be directed to recognize it as such; that defendant Bertha Patek may be decreed to surrender said savings book into court; that the defendant receiver be required to make a complete discovery and disclosure of the assets and liabilities of said banking association on the 6th day of April, 1909, and at other times between that date and the date on which it went into the hands of a receiver; and that until the final hearing the defendant receiver be restrained from disposing of the fund or assets of said bank, and for general relief.

The grounds of demurrer are:

(1) That it appears by the complainant's own showing by the said bill that he is not entitled to the relief prayed for in said bill against this defendant.

(2) That it appears by the complainant's said bill that there is no privity between the complainant and the First National Bank of Ironwood, or this defendant, the receiver thereof, to enable the complainant to call upon this defendant for the payment of any debt claimed to be due to the complainant from the First National Bank of Ironwood.

(3) That the complainant has no right to call upon this defendant in a court of equity for a discovery of matters and things alleged in paragraph B, subdivision A, of the prayer of the said bill of complaint, for the reason that there are no allegations in said bill of complaint that entitle the complainant to any discovery of the matters and things alleged in the said subdivision A of paragraph B of the prayer of said bill of complaint.

(4) That said bill of complaint of the complainant is wholly without equity.

The complainant alleges and offers to prove that the

money deposited was his money, and that his wife, without any authority, caused it to be delivered to the defendant bank without his knowledge or consent; that she had no title nor interest in the money, and that neither was a depositor in the defendant bank. If the complainant is able to establish these facts, we think he is right in his contention that title to the money never passed from him to the bank, and that the relation of creditor and debtor never existed between them as to said fund. *Burtnett* v. *National Bank*, 38 Mich. 630; *Cady* v. *Omaha Nat. Bank*, 46 Neb. 756 (65 N. W. 906). And the rule is the same, even though the depositary had no notice or knowledge at the time the deposit was made that it was the money of another. *Burtnett* v. *National Bank, supra; Union Stock Yards Nat. Bank* v. *Campbell*, 2 Neb. (Unof.) 72 (96 N. W. 608); *Van Alen* v. *National Bank*, 52 N. Y. 1.

It is argued by defendant that, as the bill shows that the deposit has been mingled with the general funds of the bank, it has become dissipated, and, in consequence thereof, complainant must share with the general creditors of the bank. We cannot agree with counsel in this contention. When complainant shows that the general funds of the bank have been in excess of the amount deposited at all times since the deposit was made, he establishes the presumption that his money is still in the possession of the bank. Under such circumstances, his claim would become a lien upon the whole fund. *Sherwood* v. *Savings Bank*, 103 Mich. 109 (61 N. W. 352); *Emigh* v. *Earling*, 134 Wis. 565 (115 N. W. 128, 27 L. R. A. [N. S.] 243); *State* v. *Bank of Commerce*, 61 Neb. 181 (85 N. W. 43, 52 L. R. A. 858); *Butler* v. *Bank*, 159 Fed. 116, 86 C. C. A. 306. In *Sherwood* v. *Savings Bank*, where a like contention was made, Mr. Justice HOOKER said:

" If the trust actually existed, and the identical fund received had been intact when it came into the hands of the receiver, it would have been subject to the petitioner's

166 MICH.—29.

claim. Why should it be any less so, if it is clear that the fund into which it went (such fund being money legally belonging to the bank) never was reduced to the amount of the trust fund ? The bank could not complain, for the decisions are numerous that the claim of the *cestui que trust* would become a lien upon the entire fund when the intermingling occurred, and the law would presume that the trust fund was not paid out as long as an equal amount remained."

We are of the opinion that the bill of complaint states a case calling for equitable relief.

The third ground of demurrer is that complainant is not entitled to the discovery prayed for in his bill, for the reason that in his bill he has waived defendant's answer under oath. We think the point is not well taken. That seems to be the rule where discovery is the only relief prayed. *Torrent* v. *Rodgers*, 39 Mich. 85. The prayer for discovery in this case is only incidental to other relief prayed for; therefore the rule does not apply.

The order sustaining the demurrer is reversed, and the cause remanded for further proceedings. Complainant will recover costs of both courts.

OSTRANDER, C. J., and HOOKER, BLAIR, and STONE, JJ., concurred.