In re H. & L. JARMULOWSKY. Ex parte BORTZ. Ex parte ATTIE BROS.

(District Court, S. D. New York. July 14, 1917.)

1. BANKS AND BANKING ☞159—DEPOSIT OF CHECKS—EFFECT.

Where checks indorsed in blank are deposited with a bank, and an immediate credit is entered in the passbook to the depositor, the checks at once become the property of the bank, but the bank's right to the checks depends upon the depositor's immediate and unconditional right, not merely as a favor, to draw upon the deposit, and, if the depositor did not have such right until collection, the bank did not become the owner; hence a bank does not become the owner of checks deposited with it, where the passbook expressly declared that deposits of checks should not be drawn against until collected.

2. BANKS AND BANKING ☞159—DEPOSIT OF CHECKS—EFFECT.

Where the passbook of a depositor declared that deposits of checks should not be drawn upon until collection, the bank does not become the owner of checks deposited with it, unless such rule is expressly waived, and the depositor given the right to draw at once, though the depositor may be allowed to draw on such deposits as a matter of grace.

3. BANKS AND BANKING ☞166(2)—DEPOSITS—RIGHTS OF DEPOSITOR.

Where private bankers, at the time they received deposits of checks, knew of their insolvency, and such checks were not collected until after possession of their assets was taken by the bank examiner, the receiver, appointed by the bankruptcy court, cannot, the checks having been subsequently collected, retain the proceeds as against the depositors.

In Bankruptcy. In the matter of the bankruptcy of H. & L. Jarmulowsky. Ex parte petitions by Benjamin Bortz and Attie Bros., opposed by the receiver. Order for petitioner on the Bortz petition, and for reference on the Attie Bros. petition.

This cause comes up upon petitions by depositors of two private bankers hitherto doing business in the city of New York, under the following circumstances: The petitioners opened accounts with the private bankers some time before May 10, 1917, on the opening of which they received passbooks which contained as part of the conditions under which the account should be kept, the following language: "Deposits of currency or coin may be drawn against after deposit, but deposits of checks shall not be drawn against until collected." On the 10th of May the depositors deposited certain checks

in their account with the private bankers and received immediate credit in their passbooks for the same. The checks were in each case drawn by persons other than depositors, and were made payable, some in the city of New York, and some without. Nothing appeared on the deposit to indicate whether or not the depositor was to have the right immediately to draw upon the checks, and that question is to be determined upon the bare facts as stated. On May 11, 1917, the bank examiner of the state of New York took possession of the assets of the private bankers, who never opened their doors after May 10th. The checks so deposited on the 10th were not collected until the 11th or later, and the petitioners now claim that the bankers received them as trustees, and for collection only, and that they are entitled to the proceeds of the collection in the hands of the receiver.

The respondent, who is the receiver, appointed after the state superintendent of banks took possession, files an affidavit alleging that the rule contained in the passbooks was expressly waived by one of the petitioners, Attie Bros., and that it was customary for the bankrupts to allow their regular business customers to withdraw money against uncollected checks. The petitioners likewise allege that the bank was insolvent, and known to the private bankers to be insolvent, on May 10th, when the checks were received.

Norman M. Behr and Virginius V. Zipris, both of New York City, for petitioners.

Milton M. Sittenfield, of New York City, for receiver.

LEARNED HAND, District Judge (after stating the facts as above). [1, 2] The question as stated in St. Louis & San Francisco Railroad v. Johnston, 133 U. S. 566, 576, 10 Sup. Ct. 390, 33 L. Ed. 683, is in principle only a question of fact; i. e., whether the bank, on receiving the check, intended to become the owner and give the depositor an immediate credit, or whether the intent was that the bank should hold the checks for collection, and that the depositor should have no credit until the proceeds were received. It is pretty generally accepted law that, where nothing appears but the receipt of the checks indorsed in blank or for deposit, and an immediate credit in the passbook to the depositor, the checks at once become the property of the bank and cannot be followed. Metropolitan National Bank v. Loyd, 90 N. Y. 530; Lyons v. Union Exchange Bank, 150 App. Div. 493, 135 N. Y. Supp. 121; Cragie v. Hadley, 99 N. Y. 131, 133, 1 N. E. 537, 52 Am. Rep. 9 (obiter); St. Louis & San Francisco R. R. Co. v. Johnston (C. C.) 27 Fed. 243; Brooks v. Bigelow, 142 Mass. 6, 6 N. E. 766. The bank's right, however, depends upon the depositor's immediate and unconditional right, and not merely as a favor, to draw upon the deposit, and if it appears that the depositor did not have such right until collection the bank does not become the owner. Scott v. Ocean Bank, 23 N. Y. 289; King v. Bowling Green Trust Co., 145 App. Div. 398, 129 N. Y. Supp. 977; Beal v. Somerville, 50 Fed. 647, 1 C. C. A. 598, 17 L. R. A. 291; Re State Bank, 56 Minn. 119, 57 N. W. 336, 45 Am. St. Rep. 454; Balbach v. Frelinghuysen (C. C.) 15 Fed. 675. Beal v. Somerville, supra, indeed, throws a little doubt upon the general rule, and seems to imply that the presumption is that the bank receives for collection unless the contrary appear. Where the checks are indorsed for collection only the case is of course beyond any question; for example, in Balbach v. Frelinghuysen, supra, where the indorsement was for collection, but the depositor could draw at once, the indorsement prevailed.

[3] Applying these rules to the case at bar, it is quite clear that the private bankers would have become the owners of the checks at once, but for the provision in the passbook, "Deposits of checks shall not be drawn against until collected." In Attie Bros.' case, the receiver alleges that this provision was waived and that the depositor was expressly given the right to draw at once. It will not be enough, however, merely to show that the bank had permitted the depositors to draw. Nothing short of an agreement, express or implied by the course of dealing, to modify the passbook, will answer. On this issue of fact the receiver is entitled to be heard, and there must be a reference. At the time of the reference, if the receiver makes good his claim that the provision in the passbook was expressly modified, it will have to be determined whether the private bankers were insolvent, and knew of their insolvency at the time of receiving the checks. If so, under well-established principles, the receiver cannot hold the proceeds.

The order will be for the petitioner on the Bortz petition, and for a reference on the Attie Bros. petition. The matter of the rent deposit was disposed of on the argument.