[No. 18144.   *En Banc.*   January 9, 1925.]

NORTHWEST LUMBER COMPANY, *Respondent*, v. THE SCANDINAVIAN-AMERICAN BANK OF SEATTLE et al., *Appellants*.[1]

BANKS AND BANKING (6-1)—INTEREST (2)—IMPLIED CONTRACT—RIGHTS OF SPECIAL DEPOSITORS ON INSOLVENCY. Upon a recovery from the receiver of an insolvent bank of the amount of a special deposit in the bank, as a preferred claim, the plaintiff is not entitled to interest out of the general fund available for unsecured creditors, where the receiver's resistance to the claim was not unreasonable or vexatious.

Appeal from a judgment of the superior court for King county, Ronald, J., entered January 18, 1923, in favor of the plaintiff, in an action to enforce a claim against an insolvent bank, tried to the court. Reversed as to allowance of interest.

[1]Reported in 231 Pac. 951.

15—132 WASH.

*W. V. Tanner* and *John P. Garvin,* for appellants.
*Donworth, Todd & Higgins,* for respondent.

### On Rehearing.

Holcomb, J.—This case was before a department of this court and decided in *Northwest Lum. Co. v. Scandinavian American Bank of Seattle,* 130 Wash. 33, 225 Pac. 825, allowing the return of a special deposit against the insolvent bank and its liquidator, and allowing interest on such special deposit. Appellants, content with the decision upon the principal question, petitioned for, and were granted, a rehearing on the question of the allowance of interest.

This matter was somewhat briefly disposed of by the Department, and the ruling based upon the decision of this court in *Hitt Fireworks Co. v. Scandinavian-American Bank of Tacoma,* 121 Wash. 261, 209 Pac. 680.

In the last cited case, also, the question was scantily considered, the court saying:

"Finally, it is contended error was committed in the allowance of interest at all, and especially as a preferred claim. Manifestly the term 'interest' found in the judgment is used in the sense of 'damages' and is recoverable because the promisee, respondent, has sustained a wrong in being unlawfully deprived of money in a liquidated sum. The amount is fixed at the statutory rate of interest, which is the standard of damages on the breach of money contracts. No argument is made nor reason given why the allowance of such damages should not be classed as a preference with the principal to which it relates, nor are we aware of any reason why it should not be in a case like this where the funds on hand are more than sufficient to meet it."

The writer of the opinion in the *Hitt Fireworks Co.* case, *supra,* had but little light to guide him in considering that question. In the brief of appellants in that

case the following is the only argument against the allowance of interest:

"The court erred in ordering interest paid as a preferred claim.

"We will not discuss this matter at length. It seems to us that this is so palpably erroneous as to be self-evident. Interest is allowed for the wrongful detention of money *as damages*. Since the plaintiff is allowed to recover this $8,100.00 as his specific money, it is apparent that he is either not entitled to any interest at all, or, if he is entitled to interest, he is not entitled to it in preference to the claim of other creditors of the bank, but must take it merely as a general creditor."

And in respondent's brief in that case was the following argument:

"Finally counsel contends that the court erred in allowing interest as a preferred claim, but cite no authority to sustain the contention. It is the universal rule that where one person is wrongfully deprived of his money in a liquidated sum by the wrongful act of another, the wrongdoer should be charged interest. There is no good reason why that rule should not apply in this case."

Had the attorneys for appellants in the *Hitt Fireworks Co.* case, *supra*, examined very briefly they would have found at least one case from this court indicating the proper rule—*Rugger v. Hammond*, 95 Wash. 85, 163 Pac. 408. There the trial court found in favor of a preference and this court found that that was error and disallowed the preference. In the course of the opinion it was well stated, following the almost universal current of authority, that such a claim had its basis in the right of property. The court proceeds on the principle that the title has not been affected; that the true owner of the fund traced to the possession of another has the right to have it restored, not as a debt due and owing, but because it is his property wrongfully withheld from him; the equity, springing

as it does from the right to trace the funds as property, does not extend to the right to take other funds or property by way of damages or interest.   Several cases are cited and quoted by the writer of the opinion in *Rugger v. Hammond, supra,* sustaining the foregoing principles, and several more may be added. *Butler v. Western German Bank,* 159 Fed. 116; *Merchants' National Bank of Helena v. School District No. 8 of Meagher County,* 94 Fed. 705; *White v. Knox,* 111 U. S. 784; *Guignon v. First National Bank,* 22 Mont. 140, 55 Pac. 1051; *People v. American Loan & Trust Co.,* 172 N. Y. 371, 65 N. E. 200.

The argument of respondent, and adopted by the writer of the opinion in the *Hitt Fireworks Co.* case, is illogical in this:   While interest might be justly allowable as damages as against the bank or its stockholders who had unlawfully converted or misapplied the property, it is unjust and inequitable as against the general creditors of the bank who had done nothing to cause the misappropriation or damage.   The allowance of interest upon the recovery of specific property out of the general funds of the insolvent bank lessens the fund available for the general unsecured creditors to the extent of the interest.   As a general rule, that is not permitted except upon preferred claims based upon secured contracts which include interest.

In any event, the allowance of interest on a special deposit like this from the time of the taking possession of the bank by the supervisor and liquidator would be inequitable, since the supervisor's resistance of the allowance of this claim as a special deposit was not unreasonable or vexatious, but was the exercise of a reasonable discretion in the interests of all parties concerned in the funds and assets of the insolvent.

We therefore conclude that the decisions in the *Hitt Fireworks Co.* case, *supra,* and of the Department in

this case are contrary to the principles announced in *Rugger v. Hammond, supra,* and the general weight of authority.

The decision of the Department in this case allowing interest is therefore overruled, and the judgment of the lower court to that extent reversed.

Main, C. J., Parker, Tolman, Mackintosh, Pemberton, and Bridges, JJ., concur.