## PEOPLE'S NAT. BANK OF HOT SPRINGS et al. v. MOORE.

Circuit Court of Appeals, Eighth Circuit. April 10, 1928.

No. 7841.

1. **Appeal and error ⬅14(½)—Error proceedings in suit in equity, which parties treated as one at law, may be treated as an appeal (28 USCA § 861; Comp. St. § 1649b).**

Where parties treated suit against bank receiver for declaration and enforcement of a trust as if it were one in law, and took writ of error from judgment, under Act Feb. 13, 1925, 43 Stat. 941 (28 USCA § 861; Comp. St. § 1649b), the error proceedings may be treated as an appeal.

2. **Banks and banking ⬅166(1)—Trust arising by agency on check being left with bank for collection continues until collection is made.**

When checks are left with a bank for collection, in absence of any special contract, the trust arising by reason of the agency continues until after collection is made.

3. **Payment ⬅16(1)—Acceptance of bill of exchange or note is not payment of debt, in absence of express agreement.**

Acceptance from debtor of bill of exchange, promissory note, or other promise to pay is not payment of debt, unless there is express agreement that it is received as payment, or unless there is clear and satisfactory proof of the intention that it is so received.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Payment.]

4. **Banks and banking ⬅156—Bank's authority to act as agent in collection of checks terminated on its insolvency.**

On bank with whom checks were left for collection becoming insolvent and ceasing to do business, its authority to act as agent of one delivering checks terminated.

5. **Trusts ⬅372(1)—Trustee, making payment out of mingled funds of trust estate and his own funds, is presumed to have made payment out of his own portion of fund.**

If trustee mingles money belonging to trust estate with his own funds, and then pays out some of the fund, it will be presumed that he did that which was lawful, and therefore made his payments out of his own portion of the fund.

6. **Banks and banking ⬅166(1)—Where bank, receiving checks for collection, used them to offset obligations to another bank receiving drafts for balance due, held that, on its insolvency, draft became impressed with trust for amount of checks.**

Where bank to whom checks were sent for collection used them with other obligations to offset obligations of its own held by another bank, and received draft from other bank representing balance due, *held*, that it must be presumed, in absence of evidence to contrary, that collecting bank applied to its debts due other bank its own obligations, and received draft as representing in part amount of checks, and hence, on collecting bank becoming insolvent, owner of checks was entitled to impress a trust on such draft and its proceeds.

7. **Banks and banking ⬅166(1)—Interest held not allowable, after failure of bank, on claims impressed as trust on funds of receiver.**

One claiming preferential payment out of proceeds of insolvent bank in hands of receiver as trust fund, by reason of mingling of claimant's checks with other obligations of bank, *held* not entitled to recovery of interest on claim after bank failed.

8. **Banks and banking ⬅166(1)—Trust fund claimant against insolvent bank held not entitled to allowance of full claim, both as secured and general creditor.**

One entitled to have claim against insolvent bank impressed as trust on funds in hand of receiver *held* not entitled to allowance of claim for full amount, both as a secured and as a general creditor.

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Suit by Charles I. Moore against the People's National Bank of Hot Springs and others. Decree for plaintiff, and defendants bring error. Modified.

E. B. Adams, of Hot Springs, S. D., for plaintiffs in error.

E. W. Martin, of Hot Springs, S. D. (Martin & Martin, of Hot Springs, S. D., on the brief), for defendant in error.

Before WALTER H. SANBORN and BOOTH, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. The defendant in error (hereafter called plaintiff) began suit against the receiver of the People's National Bank of Hot Springs, S. D., praying for the declaration and enforcement of a trust. The plaintiff was the payee of three cashier's checks issued by the Stockman's Bank of Hot Springs, dated December 9 and 10, 1924. These checks were delivered to the People's National Bank for collection, and on December 19, 1924, the bank present-

ed them with other claims, to the Stockman's Bank, and the Stockman's Bank offset claims it had against the People's National Bank, and in payment of the balance of $2,882 found due to the People's National Bank the Stockman's Bank gave a draft drawn by it upon the United States National Bank of Omaha, Neb., for that amount. The two Hot Springs banks continued in business until the close of the business day on December 20, 1924, but did not reopen for business afterwards. Payment of the draft was refused by the drawee. The plaintiff alleged that, at the time of the collection of the checks, the People's National Bank was insolvent, and known to be insolvent by its officers, and was in a condition making it inevitable that it would soon cease to do business, that the amount of his checks increased the assets of the People's National Bank which came into the hands of its receiver, and asked for a judgment and for an order directing the receiver to pay him the full amount of his claim, as a preference over the claims of the general creditors, and for general equitable relief.

The answer admitted the receivership and the receipt of the checks, but denied the other allegations of the plaintiff's petition. It alleged that the Stockman's Bank was insolvent when the plaintiff's checks were delivered to the People's National Bank, and that on December 22, 1924, the Stockman's Bank was taken over by the banking department of South Dakota, that its affairs have ever since been administered by the superintendent of banks of South Dakota, that the Stockman's Bank was indebted to the People's National Bank in the sum of $6,656, and that the People's National Bank had filed claims for that amount with the banking department of South Dakota. At the trial a jury was waived and no testimony was given, but some facts were stipulated, and the three checks, the claim of the plaintiff, as filed with the receiver, and a letter of the receiver refusing to allow the claim as a preferred claim, were offered and received in evidence. It was stipulated that the three checks were the property of the plaintiff, and that the People's National Bank at and after the close of business on December 20th was insolvent. The remainder of the stipulation is as follows:

"It is stipulated that the cashier's checks introduced by plaintiff in this action, Exhibits 1, 2, and 3, were received by the People's National Bank and presented to the Stockman's Bank for clearance on the 19th of December, 1924, along with other items of the People's National Bank; that the Stockman's Bank delivered to the People's National Bank certain other items drawn on the People's National Bank, and, in addition to that delivered to them, the People's National Bank, their draft No. 73709 for $2,882; that this draft was drawn on the United States National Bank of Omaha, Neb.; that prior to the clearance of this draft, and on the 20th of December, 1924, at the same date that the People's National Bank closed, the Stockman's Bank of Hot Springs also closed, and was taken over by the banking department of the state of South Dakota; that the draft was returned to the People's National Bank, unpaid; that the People's National Bank filed with the state banking department of the state of South Dakota claim in the sum of $2,882.04, and surrendered the draft to the banking department of the state, and received in lieu thereof a depositors' guaranty fund certificate in the sum of $2,882.04, which certificate has not been paid, except the sum of $288.20, paid on the certificate on the 15th day of June, A. D. 1926."

The court entered a general judgment against the People's National Bank for the amount of the plaintiff's claim, with interest, and allowed the claim as a general claim against the bank's assets in the receiver's hands, and as a preferred claim against the depositors' guaranty fund certificate of $2,882.04 held by the People's National Bank, and directed the receiver to pay to the plaintiff the $288.20 received as a 10 per cent. dividend upon that certificate, and all further dividends that might be declared applicable to the certificate.

[1, 2] The parties treated the suit as if it were one at law, and a writ of error was taken from the judgment. The suit is, one in equity, to ascertain and enforce a trust, and prayed for equitable relief, but by the provisions of the Act of Congress of February 13, 1925 (43 Stat. 941, Comp. Stats. § 1649b [28 USCA § 861]), the error proceedings may be treated as an appeal. National Surety Co. v. County Board of Education (C. C. A.) 15 F.(2d) 993, 994; Brown v. Leo (C. C. A.) 12 F.(2d) 350. The proofs show that the plaintiff's checks were placed in the hands of the People's National Bank for collection. When checks are left with a bank for collection, if there is no special contract, the trust arising by reason of the agency continues until the collection is made. Commercial Bank of Penn. v. Armstrong, 148 U. S. 50, 57, 13 S. Ct. 533, 37 L. Ed. 363; Evansville Bank v. German-American Bank, 155 U. S. 556, 562, 15 S. Ct. 221, 39

L. Ed. 259; Balbach v. Frelinghuysen (C. C. A.) 15 F. 675, 682; 7 Corp. Jur. 597.

[3, 4] There is no proof that the draft given by the Stockman's Bank to the People's National Bank was a payment of the balance due. The acceptance from a debtor of a bill of exchange, promissory note, or other promise to pay is not a payment of the debt, unless there is an express agreement that it is received as payment, or unless there is clear and satisfactory proof of the intention that it is so received. The Emily Souder, 17 Wall. 666, 670, 21 L. Ed. 683; The Bird of Paradise, 5 Wall. 545, 561, 18 L. Ed. 662; Peter v. Beverly, 10 Pet. 532, 568, 9 L. Ed. 522. The draft had not been collected when, on the following day, the People's National Bank became insolvent and ceased to do business, and that act terminated the authority of the People's National Bank to act as the agent of the plaintiff. Levi v. National Bank of Missouri, 5 Dill. 104, 111, Fed. Cas. No. 8,289; National Exch. Bank of Dallas v. Beal (C. C. A.) 50 F. 355, 359; In re H. & L. Jarmulowsky (D. C.) 243 F. 632, 634; Richardson v. New Orleans Coffee Co. (C. C. A.) 102 F. 785, 787; Henderson v. O'Conor, 106 Cal. 385, 390, 39 P. 786; Armstrong v. National Bank, 90 Ky. 431, 437, 14 S. W. 411, 9 L. R. A. 553; First National Bank v. First National Bank, 76 Ind. 561, 570, 40 Am. Rep. 261; Morse on Banking (5th Ed.) § 568.

The People's National Bank had not collected the plaintiff's checks, but it had used them, with other obligations of the Stockman's Bank, to offset obligations of its own held by the Stockman's Bank, and had received the draft drawn by the Stockman's Bank upon the Omaha bank for $2,882 as representing the balance due to the People's National Bank.

"It is indispensable to the maintenance by cestui que trust of a claim to preferential payment by a receiver out of the proceeds of the estate of an insolvent that clear proof be made that the trust property or its proceeds went into a specific fund, or into a specific identified piece of property, which came to the hands of the receiver, and then the claim can be sustained to that fund or property only and only to the extent that the trust property or its proceeds went into it." Macy v. Roedenbeck (C. C. A.) 227 F. 356.

See Empire State Surety Co. v. Carroll County (C. C. A.) 194 F. 593, 604; Central National Bank v. Connecticut Mut. L. Insurance Co., 104 U. S. 54, 68, 69, 26 L. Ed. 693; State Bank of Winfield v. Alva Security Bank (C. C. A.) 232 F. 847, 849; Mechanics

& Metals Nat. Bank v. Buchanan (C. C. A.) 12 F.(2d) 891, 892; Larabee Flour Mills v. First National Bank (C. C. A.) 13 F.(2d) 330, 331; Farmers' National Bank v. Pribble (C. C. A.) 15 F.(2d) 175, 176.

[5, 6] Is the amount of plaintiff's checks clearly traced into the amount of this draft, so that he is entitled to hold the People's National Bank and its receiver as his trustee, because of the receipt of that draft and of the subsequent receipt of the depositors' guaranty fund certificate in its place? The proofs do not show the total amount of the obligations against each other, used in effecting a clearance and striking a balance between the two banks of Hot Springs. The plaintiff's three checks were mingled by the People's National Bank with a mass of obligations of the Stockman's Bank, and against this total charge the Stockman's Bank received credit for the sum of obligations it held against the People's National Bank, and it gave the draft on the Omaha bank for the difference. If the trustee mingles money belonging to the trust estate with his own funds, and then pays out some of the fund, it will be presumed that he did that which was lawful, and therefore made his payments out of his own portion of the fund. Knatchbull v. Hallett, 13 Ch. Div. 696, 711, 727, 49 L. J. Ch. 415; Pinkett v. Wright, 2 Hare, 120, 129, 12 L. J. Ch. 119; Central National Bank v. Insurance Co., 104 U. S. 54, 68, 26 L. Ed. 693; Macy v. Roedenbeck (C. C. A.) 227 F. 346, 353; Lowell v. Brown (C. C. A.) 284 F. 936, 940; Empire State Surety Co. v. Carroll County (C. C. A.) 194 F. 593, 605; Commercial Nat. Bank v. Stockyards Loan Co. (C. C. A.) 16 F.(2d) 911, 914. Applying the principles of these cases, it must be presumed, in the absence of evidence to the contrary, that the People's National Bank applied to its debts due to the Stockman's Bank the obligations belonging to the People's National Bank, and received the draft as representing, in part, the amount of plaintiff's checks, in an endeavor to make a collection of them, and, as that draft came into the receiver's possession, the plaintiff was entitled to impress a trust upon it and its proceeds for the amount of his checks.

[7, 8] The judgment that was entered allowed the recovery of interest on the plaintiff's claims after the bank failed. This was error. White v. Knox, 111 U. S. 784, 787, 4 S. Ct. 686, 28 L. Ed. 603; Butler v. Western German Bank (C. C. A.) 159 F. 116, 117; Richardson v. Louisville Banking Co. (C. C. A.) 94 F. 442, 449; Hallett v. Fish (C. C. A.) 123 F. 201, 202. It allowed the

claim as a preferred claim against the proceeds of the certificate of indebtedness of $2,-882.04, and also as a general claim against the bank. The plaintiff was not entitled to allowance of his claim for the full amount, both as a secured and as a general creditor. The value of his security is not shown, nor the amount that will be realized from the guaranty fund certificate.

The decree will be modified, by allowing the amount of plaintiff's preferred claim in the sum of $1,183.95, instead of $1,345.84, and by allowing to the plaintiff as a contingent general claim, sharing pro rata with the general creditors, such amount of his claim as he shall not be paid as a preferred claimant.