## In re Erie Trust Company

*Marsh, Spaeder, Himebaugh & Baur*, and *Gunnison, Fish, Gifford & Chapin*, for exceptants.

*Brooks, Curtze & Silin*, contra.

Hirt, P. J., January 17, 1938.—On November 2, 1937, in accordance with the order of the Supreme Court of Pennsylvania, we entered a decree directing the Secretary of Banking, Receiver of Erie Trust Company, to pay to the heirs and legatees of W. W. Gingrich certain funds which the bank had held in trust and which were wrongfully mingled with the general assets of the bank. Our order was for the payment of $11,801.80 in cash, and $14,018 from Church of the Covenant bonds and the Adolph Leichner property, or from the proceeds of their

sale, or of either or both of them, as preferred claims under section 1011(a) of the Department of Banking Code of May 15, 1933, P. L. 565. In the opinion accompanying the order we held that the allowance of interest on this claim could be made only at the expense of innocent depositors. Interest was therefore disallowed.

On November 15, 1937, the heirs and legatees of W. W. Gingrich excepted to the decree, alleging that interest was due and payable on the claim from November 21, 1934, which was the date when the distribution of the assets of the bank was ordered on the receiver's second and partial account.

The prevailing rule is that where money is withheld by an insolvent under circumstances amounting to the relationship of trust, rather than of debtor and creditor, in the absence of an express statute to the contrary no interest is allowable. This is especially true where, as in this case, it does not appear that the fund withheld has earned interest or profit: Butler v. Western German Bank, 159 Fed. 116; Hallett v. Fish, 123 Fed. 201. The funds of claimants were traced into the general assets of the bank. Under the circumstances, the claim is based upon an assertion of title rather than of debt, and no interest is therefore allowable: Rugger v. Hammond, etc., 95 Wash. 85, 163 Pac. 408.

"The true owner of a fund traced to the possession of another has a right to have it restored, not as a debt due and owing, but because it is his property wrongfully withheld from him": Englar et al. v. Offutt, Trustee, 70 Md. 78, 16 Atl. 497.

To the same effect see also Northwest Lumber Co. v. The Scandinavian-American Bank of Seattle et al., 132 Wash. 449, 231 Pac. 951, holding that the right to take property traced into the hands of another does not extend to the right to take other funds or property by way of damages or interest. Claimants contend in their brief

that interest on their claim is properly an administration expense. They base this contention upon the receiver's failure to make their original claim preferred, and the consequent litigation. We cannot agree with this theory. In Northwest Lumber Co. v. The Scandinavian-American Bank of Seattle et al., supra, the court said:

"In any event, the allowance of interest on a special deposit like this from the time of the taking possession of the bank by the supervisor and liquidator would be inequitable, since the supervisor's resistance of the allowance of this claim as a special deposit was not unreasonable or vexatious, but was the exercise of a reasonable discretion in the interests of all parties concerned in the funds and assets of the insolvent."

In Butler v. Western German Bank, supra, the court held that an error of judgment by the receiver should not make the creditors of the bank chargeable with interest on the fund withheld. To the same effect see Anderson v. Missouri State Life Ins. Co., 69 F. (2d) 794, 799. For these reasons the exceptions heretofore filed must be dismissed.

And now, to wit, January 17, 1938, after argument and due consideration, both the claimants' exceptions are dismissed and the order of November 2, 1937, is reentered as a final decree.