# THE PEOPLE OF THE STATE OF NEW YORK *v.* E. REMINGTON & SONS.

## IN THE MATTER OF THE CLAIM OF THE ILION NATIONAL BANK.

*Receiver, refusing, upon an untenable ground, to pay a dividend to a creditor, is chargeable with interest — that the receiver has money on deposit in the bank (the creditor), is no answer.*

When the payment of a dividend, made by a receiver for the benefit of the creditors of an insolvent corporation, is deferred by reason of an unsuccessful contest, made by the receiver, as to whether certain collaterals held by the creditor should first be applied in reduction of the claim before the dividend to be paid to such creditor should be computed, the creditor is entitled to interest on the amount of the dividend, to which he is finally adjudged to be entitled, and the payment of which has been deferred by reason of the refusal of the receiver to pay it.

It is no answer, on the part of the receiver, to such a claim for interest during the time that the payment of the dividend is deferred, that the claimant is a bank, in which a very large sum of money, constituting part of the assigned assets, has during such time been on deposit at a low rate of interest.

APPEAL by Addison Brill and Albert N. Russell, receivers, etc., from a judgment of the Supreme Court, entered in the office of the clerk of the county of Herkimer, in October, 1890, with notice of an intention to bring up for review, upon such appeal, an order allowing and directing the payment of interest to the Ilion National Bank upon its dividend.

The order was made at the Jefferson Special Term, October 25, 1890, and was entered in Herkimer county prior to November 8, 1890. It ordered and adjudged "that the said Ilion National Bank is, as matter of law, entitled to have allowed and paid to it interest upon the sum of $48,351.82, at the rate of six per cent per annum, from March 10, 1889, to July 10, 1890, being the interest upon the amount of the dividend of twenty-five per cent upon the claim of the said Ilion National Bank, as allowed in this action, which dividend was withheld and the payment thereof delayed during the said time," and the receivers are authorized and directed to pay the same out of the funds in their hands, as receivers, applicable thereto.

*W. & N. E. Kernan,* for the receivers, appellants.

*A. M. Mills,* for the Ilion National Bank, respondent.

MERWIN, J. :

The Ilion National Bank was a creditor of E. Remington & Sons, and its debt was established and allowed by and before the referee appointed to hear and establish the claims of creditors, at the sum of $195,525.56. The report and findings of the referee were filed January 2, 1889. The bank held some collaterals, and it was claimed by the receivers before the referee that these should be exhausted and the proceeds applied on the debt, and the balance only be allowed as the claim upon which dividends should be made. The bank claimed that it had the right to prove its entire debt without reference to the collaterals and receive dividends on the amount so proved. The referee so held and allowed the entire debt. The receivers excepted, but their exceptions were overruled at a Special Term, held February 12, 1889, and the report of the referee confirmed. The order of confirmation was entered July 1, 1889, and it contained a provision that no dividends upon the claim of the bank should be paid until the collaterals held by it should be exhausted and the proceeds applied, and that then only so much of the dividends going to said bank should be paid as would, with the proceeds of the collaterals, fully satisfy the claim of the bank.

The receivers appealed to the General Term from so much of the order as overruled their exceptions. The General Term affirmed the order (*People* v. *Remington & Sons*, 54 Hun, 505) as did also the Court of Appeals upon a further appeal. (121 N. Y., 328.)

In February, 1889, and while the said exceptions were pending, the receivers presented to the court at Special Term their petition, in which they stated, among other things, the amount of funds they had on hand and the amount of debts established by the referee, and that a part of the claims, among which was that of the Ilion Bank, were being contested as to their amount, and they suggested that a dividend of twenty-five per cent be declared, and that such dividend, so far as it applied to the contested claims, be delayed and withheld until the exceptions were disposed of. Thereupon the court, without notice to the Ilion Bank, by order entered, on or about March 1, 1889, authorized and instructed the receivers to declare and pay a

dividend of twenty-five per cent upon the claims mentioned and set forth in the petition, "except that the said receivers are hereby authorized and instructed to delay and withhold the payment for the present of any dividend upon the said disputed claims mentioned in the said petition now before the court on exceptions to the referee's report, as set forth in the said petition, until the exceptions shall have been disposed of by the court, and then only on such amount as shall be allowed by the court at Special Term, or in case of appeal by the appellate court or courts." Thereafter, from the 7th to the 10th of March, 1889, the receivers paid to the various creditors the dividend, but paid none to the Ilion Bank.

The order and decision of the Court of Appeals were entered in Herkimer county on the 20th of June, 1890. On or about the 15th of July, 1890, the receivers and the bank agreed upon the amount of the value of the collaterals to be applied on the debt at the sum of $20,777.13, and on the 16th of July, 1890, the receivers paid to the bank the dividend upon its claim, being the sum of $48,351.82. At this time the bank claimed interest on the dividend from March 10, 1889, but the receivers declined to pay it. The question of the right to interest was reserved and the payment of the face of the dividend was agreed to be without prejudice. Thereupon a motion was made by the bank to the court, which resulted in the order appealed from.

When the payment of a dividend is deferred by reason of an unsuccessful contest of a claim, the creditor so delayed should be allowed interest on the dividend. (*Armstrong* v. *American Exchange Nat. Bank*, 133 U. S., 433, 470.) In that case it is said that the allowance of interest is necessary to put the delayed creditor on an equality with the other creditors.

But it is suggested by the appellants that, as the bank could not obtain its dividend until the collaterals were adjusted, and as this was not done till July 15, 1890, and the dividend was, in fact, paid July 16, 1890, the receivers were not in default and the bank was not entitled to interest. Under the provision of the order obtained by the receivers, the dividend, in effect, was to be withheld until the final disposition of the contest. Any adjustment, therefore, of the collaterals would be futile until after such disposition. The order upon the final adjudication was entered in Herkimer county

on the 20th of June, 1890. Up to that point of time, very evidently, the delay was by reason of the unsuccessful contest by the receivers, and furnishes no good reason for refusing to pay interest. The further delay from the twentieth of June to the fifteenth of July may very properly be attributed to the failure of the bank to perform the condition of the order requiring it to exhaust and apply its collaterals before it would be in a position to demand payment. This would call for a modification of the order appealed from so that interest would only be allowed to June 20, 1890.

But it is urged by the appellants that, equitably, the Ilion Bank is not entitled to interest by reason of the fact that it was one of the banks in which the receivers kept their funds on deposit, and that during all this time it had on such deposit an amount of the funds of the receivers largely in excess of the dividend coming to it. It appears that on the 29th of March, 1888, the receivers, being about to receive the sum of $200,000 upon the sale of certain property, applied to the court and obtained an order that one-half of this sum might be deposited in the Ilion Bank upon its giving as security therefor a bond, with sufficient sureties, in the sum of $200,000. The bond was given and the deposit made, and about the 1st of July, 1888, it was agreed between the bank and the receivers that interest on this deposit should be paid by the bank at the rate of two and one-half per cent per annum. After this time, and to July, 1890, the bank had of such deposit the sum of about $98,000 and allowed interest at the agreed rate. This deposit was at all times subject to be drawn out upon the check of the receivers, with the order of the court. The cashier of the bank testifies it was held and treated as a regular deposit, was subject to the provision of the national banking law requiring fifteen per cent of deposits to be kept on hand and in reserve, and that the bank was not then paying interest on any other deposits.

The arrangement between the bank and the receivers was one of mutual convenience and benefit. Whether one received more benefit than the other we cannot here inquire. It was satisfactory to each and was entirely distinct from the matter here in controversy. It was in the nature of a contract between the parties, and we have no right to interfere with it. It should not be considered in this controversy.

The order should be modified so that it will allow interest from March 10, 1889, to June 20, 1890, and as modified affirmed, without costs upon this appeal.

MARTIN, P. J., and KENNEDY, J., concurred.

Order modified so as to allow interest only from March 10, 1889, to June 20, 1890, and as modified affirmed, without costs of this appeal to either party.