W. C. MOORE, JR., RECEIVER OF CORPENNING & CO., v. WATAUGA AND YADKIN RAILROAD COMPANY.

(Filed 16 May, 1917.)

**1. Appeal and Error—Reference—Evidence—Findings.**

Facts found by the referee, when there is any evidence, and approved by the judge, are not reviewable on appeal.

**2. Receivers—Corporations—Interest.**

The appointment of a Federal receiver for an insolvent railroad company does not stop the running of interest for debts it had incurred to contractors and subcontractors in the building of the road, when there are sufficient funds to pay it without disturbing the equalization of payment among claimants of the same dignity.

CIVIL ACTION, tried before *Ferguson, J.,* at August Term, 1916, of CALDWELL.

Two actions involving same controversy pending in Superior Court of Caldwell County were consolidated under above title and referred to W. D. Turner as referee to take and state an account and determine all issues of fact and law. The defendant filed exceptions to the report of the referee which were heard by his Honor, Judge Ferguson, at August Term, 1916.

· The court overruled the exceptions and confirmed the report with some modifications not necessary to particularize, and rendered judgment against defendant for $4,567.63, with interest from 21 August, 1916. The court further adjudged that Hemphill & Wilson, subcontractors, recover of Corpenning & Co., contractors, and of the railroad company, $1,615.85, with interest from 23 December, 1913, to be paid out of the sum adjudged in favor of Corpenning.

MOORE *v.* R. R.

The defendant excepted to the judgment and appealed. One of the plaintiffs, T. J. Gibbs, a member of the copartnership of Corpenning & Co., also excepted and appealed.

*W. C. Newland, M. N. Harshaw for W. C. Moore receiver.*

*Edmund Jones and Lawrence Wakefield for Florence Corpenning, Administratrix of W. G. Corpenning.*

*Pless & Winborne for Hemphill & Wilson.*

*William P. Bynum, Mark Squires for defendant railroad company.*

PER CURIAM. The matters in controversy determined by the referee are largely questions of fact and his findings were adopted and approved by the court. As there is abundant evidence to support them, they are not the subject of review by this Court.

The conclusions of law follow from the findings of fact and are of a character that need not be discussed by us, as they involve no principles of general importance. The action is brought to recover upon the part of Corpenning & Co. a balance due on contract for construction of defendant's railroad. Hemphill & Wilson claim as subcontractors of Corpenning & Co.

The entire controversy is covered by the report of the referee and the amounts due each claimant specifically determined.

The defendant lays much stress upon the assignment of error relating to interest allowed upon the sums adjudged to be due under the contract. The amounts adjudicated would bear interest as against an individual debtor under our statute, and we see no reason why the same law does not apply to defendant.

It is claimed that defendant is an insolvent corporation in hands of a receiver appointed by the Federal Court, and that "as a general rule after property of an insolvent passes into the hands of a receiver interest is not allowed on claims against the fund."

Under the law of this State the appointment of a receiver for a corporation does not have the effect *eo instanti* to stop the interest upon all of its interest-bearing obligations.

The defendant relies on the above quotation from *Thomas v. Car Co.,* 149 U. S., 95-116. The question there presented was whether interest should be allowed on car rentals *accruing during receivership,* and the ground for not allowing interest was because the funds fell far short of paying the mortgage debt.

In a subsequent case of *Iron Co. v. S. A. L. Ry.,* 233 U. S., 267, this case is commented on and explained, and it is held that "The general rule that interest is not allowed after property of the insolvent is *in custodia legis* is not based on loss of interest-bearing quality, but is a necessary

and enforced rule incident to equality of distribution between creditors of assets which in most cases are insufficient to pay all debts in full." The Court further says: "For manifestly the law does not contemplate that either the debtor or the trustee can by securing the appointment of a receiver stop the running of interest on claims of the highest dignity."

The debts established against this defendant are of high dignity and take precedence under our law of many other classes of indebtedness, as they are based upon construction work and labor and material furnished and are properly adjudged to be liens upon the property. That such indebtedness continues to bear interest after appointment of a receiver is expressly adjudicated in *Iron Co. v. S. A. L. Ry., supra,* where the claim was of somewhat similar character.

Upon a review of the record, we find no error of law, and the judgment is

Affirmed.

The costs of this Court will be taxed against the defendant.