GEORGE F. HINRICHS, Incorporated, Appellee, v. E. B. HIGLEY & COMPANY, Appellee; A. M. SCHANKE, Receiver, Appellant.

**RECEIVERS:** Claims—Inclusion of Interest During Receivership Not
1  **Presumed.** The allowance, by way of compromise, of a claim in receivership proceedings will not be deemed to include interest from the date of the receivership, when the subject of interest was never

mentioned in any of the proceedings and negotiations preceding and culminating in the order of allowance.

**RECEIVERS: Claims—Refusal to Pay Dividends—When Interest Recoverable.** In an action to compel a receiver to pay a claimant the dividends ordered by the court (the receiver and the claimant being unable to agree as to basis of payment), interest will be allowed against the receiver on that amount only which *claimant* shows was withheld from him by the fault of the receiver. In other words, the claimant may not have interest on that amount which was his unconditionally at any time for the mere asking.

**Headnote 1:** 34 Cyc. p. 372. **Headnote 2:** 34 Cyc. p. 373.

*Appeal from Cerro Gordo District Court.*—M. H. KEPLER, Judge.

MARCH 17, 1925.

APPLICATION in a receivership case by a creditor, against the receiver, praying that the receiver be directed to pay to the applicant the dividends due him upon his approved claim. The resistance of the receiver discloses a dispute as to the basis upon which the dividends due the applicant should be computed. The application was granted, and the receiver was ordered to pay to the applicant the dividends computed upon the basis claimed by the applicant. The receiver was also ordered to pay to the applicant six per cent interest upon the dividends during the time they were withheld. The receiver appeals.—*Modified and affirmed.*

*Senneff, Bliss, Witwer & Senneff,* for appellant.

*Smith & Feeney,* for appellee.

EVANS, J.—I. The record discloses that, on March 5, 1920, the applicant, Hinrichs, Incorporated, commenced an attachment suit against the defendant, E. B. Higley & Company, upon a claim for $42,382. On the same date, a receiver was appointed for the defendant company, who took possession of all the property of the company. The plaintiff was a corporation resident in New York City, and the defendant was a corpora-

1. RECEIVERS: claims: inclusion of interest during receivership not presumed.

tion resident in Mason City, Iowa. Each was engaged in the butter and egg business in its respective locality, and they transacted much business with each other. Subsequent to the bringing of the attachment suit, the plaintiff filed its claim with the receiver. Its attachment suit was neither dismissed nor pressed for prosecution. The claim filed by it with the receiver amounted to about $46,000, as of March 5, 1920. The receiver rejected the claim *in toto*. The court approved the order of rejection, without prejudice to the right of the claimant to amend its claim in certain particulars, or at its election to amend its petition in the attachment suit and to prosecute such suit to judgment. This order was made in June, 1922. On June 29, 1922, the receiver served upon the plaintiff in the attachment suit an offer of compromise, whereby he offered that judgment might be entered in favor of the claimant for $26,431. This offer was duly accepted on July 10th. In September, the court duly approved the offer and acceptance, and entered judgment as of July 10, 1922, establishing the claim of the plaintiff in the amount thus stipulated. A prior order by the court had directed the receiver to declare dividends and pay the same to the claimants upon the basis of their claims as of March 5, 1920. The contention of the receiver is predicated upon the terms of this order. This contention is that the allowance to the claimant of $26,431, necessarily included interest from March 5, 1920, and that, therefore, such claim so allowed should be reduced to the present worth of such claim as of March 5, 1920. According to the computation of the receiver, this would reduce the claim of the plaintiff to the sum of $23,194; and the receiver tendered dividends on such sum.

We think the fallacy of the receiver's position is the assumption that the compromise amount of the plaintiff's claim included interest from March 5, 1920.

Both parties are agreed that, in receivership proceedings, no account is taken of interest accruing upon the claims from the date of the receivership. That is to say, so far as the receiver is concerned, and as between the mutual rights of creditors, no interest accrues upon any claim after the date of the receivership. After such date, the property in the hands of the receiver is deemed *in custodia legis*. Needless to say that this

rule has no reference to the liability of the debtor for interest, in the event that the estate should prove solvent, or that it should thereafter become solvent. On the other hand, if it should so be that the estate should prove solvent, as the appellant says in his brief it is likely to do, then the question here litigated would become entirely immaterial, in that every creditor would receive his full claim, and no one of them could be interested in the receipts of the other.

The order of the court declaring a dividend to be computed upon all claims as of March 5, 1920, had no effect upon the rule of law already existing. If all reference to such date had been omitted in the order, the effect of the order would be precisely the same. The claim filed by the claimant for about $46,000 purported to be as of March 5, 1920. No interest after such date appears to have been claimed therein. The offer of compromise served upon the claimant by the receiver, made no reference to the subject of interest. Neither the acceptance of the claimant nor the judgment in its favor made any reference to the subject of interest. All this was consonant with the rule referred to, that ''interest'' is not a part of the vocabulary of a receiver.

We are of the opinion, therefore, that the receiver was not warranted in raising the question of interest or in attempting to reduce the claim of the plaintiff to something less than the amount fixed in the judgment, pursuant to the offer of compromise. Such was the finding of the trial court.

II. As a result of this controversy over the *amount* of dividend which should be paid to the plaintiff, it has received *no part* of any dividend due it. The order of the trial court awarded it 6 per cent interest upon such unpaid dividends, to be computed from September 30, 1922. The record discloses that three dividends of 7 per cent, 8 per cent, and 7 per cent, respectively, had been declared. Such order awarding interest upon the unpaid dividends is complained of by the appellant-receiver. There has been no dispute between the parties, except as to the amount which was justly due the plaintiff out of each dividend. Less than 15 per cent thereof was contested. There has never been any legal obstacle in the way of the receiver's paying, and of the plaintiff's accepting, the amount con-

2. RECEIVERS: claims: refusal to pay dividends: when interest recoverable.

ceded to be due it, without prejudice to the right of either party to insist respectively upon their conflicting claims. So far as appears from the record, the receiver has always been willing to pay approximately 85 per cent of the amount claimed by the plaintiff, and has tendered the same. If the receiver, however, attached a condition to his tender, that the amount should be received in full satisfaction by the plaintiff, the tender would be unavailing. In such case, the plaintiff would be entitled to interest on its dividends. On the other hand, the plaintiff was not justified in declining the partial payment unless there was such condition attached to the offer of payment. The record does not disclose what the actual facts were in this respect. The plaintiff pleaded as follows:

"Your claimant further shows to the court that it has received no dividends upon the amount of its claim as fixed by the judgment entered as of September 30, 1922, although he has requested the receiver to make payment thereof; that the receiver is refusing to pay a dividend on the amount of said judgment *at the rate paid to other claimants,* claiming that interest on this amount should be deducted from the 5th day of March, 1920, which this claimant has refused to accept. This claimant avers and claims that it is entitled *to the same rate of dividend paid to other general claimants* on the full amount of its claim, as evidenced by the judgment entry of September 30, 1922, and that it is also entitled to interest on said dividends from the said 30th day of September, A. D. 1922, at the rate of six per centum per annum."

The foregoing pleading on its face narrows the dispute to the question of amount. The answer of the receiver pleaded as follows:

"That your receiver has offered to pay over to the said George F. Hinrichs, Incorporated, all of the dividends to this date declared, computed on the amount of said claim considered as of March 5, 1920; but the said claimant has refused to accept the same."

We do not think that the plaintiff was justified in refusing to accept any part of the dividend except on the condition that he receive it *all,* unless he was forced into that position by the attitude of the receiver: that is to say, unless the receiver at-

tached such a condition to his tender. We think the burden was upon the plaintiff to show affirmatively a state of facts which entitled him to recover interest. He does show himself entitled to recover interest upon the amount of dividend *in dispute*. As to the larger amount of dividend due him, he fails to show that he was in any manner precluded from accepting the same without prejudice to his right to claim the balance.

We reach the conclusion that the item of interest upon such dividend should be confined to the amount of dividend *in dispute* between the parties. With this modification, the order of the trial court will be affirmed.—*Modified and affirmed.*

FAVILLE, C. J., and ARTHUR and ALBERT, JJ., concur.