ROBERT L. LEACH, State Superintendent of Banking, Plaintiff, v. SANBORN STATE BANK, Defendant.

ROBERT L. LEACH, State Superintendent of Banking, Appellee, v. FIDELITY & DEPOSIT COMPANY OF MARYLAND et al., Appellants.

No. 40111.

JUNE 23, 1930.

*Stipp, Perry, Bannister, Starzinger & Little* and *G. C. Murray*, for appellants.

*C. H. Montzheimer*, for appellee.

STEVENS, J.—I. The Sanborn State Bank was, on December 6, 1922, designated by the board of supervisors of O'Brien County as a depository of the public revenues of said county. The bank executed two bonds, for the purpose of securing the county treasurer and said county against loss on account of deposits to be made therein, said bonds being signed by the appellants, Fidelity & Deposit Company of Maryland and the American Surety Company, respectively, as sureties. On July 29, 1924, the said bank became insolvent, and its assets were taken over

by the state superintendent of banking, as receiver. There were on deposit in the bank on that date public funds of O'Brien County in the sum of $20,852.34. On November 19, 1924, this sum, under the provisions of Section 12719 of the Code, 1924, as construed by this court in *Buena Vista County v. Marathon Sav. Bank*, 198 Iowa 692, was allowed by the district court of O'Brien County as a preferred claim in favor of the county. From this finding and classification by the court, the receiver appealed to this court, and on February 16, 1926, the appeal was dismissed. *Leach v. Sanborn State Bank*, 201 Iowa 1323. Thereafter, and on July 30, 1926, the appellants, Fidelity & Deposit Company and American Surety Company, paid the amount due the county in equal amounts, and received assignments thereof, together with all of the rights of the said county, for the respective amounts paid by them. On the same day, an order was entered in the district court of O'Brien County establishing their right of subrogation. On May 28, 1926, C. G. Schubert and other depositors filed a petition in the receivership, asking that the order of preference allowed in favor of the county be canceled and set aside, and that the said claim be established as the claim of a general depositor. The appellants herein intervened in that action. Upon final hearing, the order allowing preferential payment was upheld. On appeal to this court, the ruling of the district court was affirmed. *Schubert v. Andrew*, 205 Iowa 353.

The decision in the above case was filed February 14, 1928. On October 23, 1928, the application of appellants for the payment of the claim with interest at the legal rate was filed. After this application was filed, and on January 14, 1929, the receiver, complying with the order of the district court entered January 9th, paid to the clerk the sum of $10,426.17 for the use and benefit of the Fidelity & Deposit Company, and a like sum for the use and benefit of the American Surety Company, without interest.

It is stipulated in the record that the Sanborn State Bank is insolvent, and that not to exceed 30 per cent will be paid to general depositors. Appellants declined to accept payment of the principal,—to wit, the amount paid to the clerk of the district court, as above stated,—for the reason that interest at the legal rate on the claim from November 19, 1924, was demanded by them and refused by the receiver. This contention of ap-

pellants' is based upon the admitted fact that the assets of the bank in the possession of the receiver are more than sufficient to enable him to pay the full amount of appellants' claims, together with interest, after the expenses of the receivership have been paid.

Three rules governing the payment of interest on claims against receivers would seem to be in force generally in the Federal and state courts: (a) That interest will not be allowed on the claims of creditors (*Hinrichs v. Higley & Co.*, 199 Iowa 765), unless (b) the assets of the estate in the hands of such receiver are sufficient to pay all of the claims adjudicated against it, together with interest and costs of administration (*Hinrichs v. Higley & Co.*, supra); (c) that, if the receiver has taken possession of property which is mortgaged or otherwise pledged to secure the payment of a particular debt with interest, and it is of sufficient value for that purpose, the claim will be so allowed and paid. The following authorities each refer to, or in terms sustain, one or more of the foregoing propositions. 1 Clark on Receivers (2d Ed.), Section 660; II Tardy's Smith on Receivers (2d Ed.), Section 598; Beach on Receivers, Section 480; *State ex rel. McConnell v. Park Bank & Tr. Co.*, 151 Tenn. 195 (268 S. W. 638, 39 A. L. R. 449); *Ohio Sav. Bank & Tr. Co. v. Willys Corp.*, 8 Fed. (2d Ser.) 463 (44 A. L. R. 1162); *Hoover Steel Ball Co. v. Schaefer Ball Bear. Co.*, 90 N. J. Eq. 515 (107 Atl. 425); *Cook v. Curtis*, 125 Me. 114 (131 Atl. 204); *Attorney General v. Supreme Council Am. L. of H.*, 206 Mass. 131 (92 N. E. 134); *Northwest Lbr. Co. v. Scandinavian-American Bank*, 132 Wash. 449 (231 Pac. 951); *Moore v. Watauga & Y. R. Co.*, 173 N. C. 726 (92 S. E. 361); *Great Northern R. Co. v. Oakley*, 135 Wash. 279 (237 Pac. 990); *People v. California Safe Dep. & Tr. Co.*, 34 Cal. App. 269 (167 Pac. 181); *American Iron & S. Mfg. Co. v. Seaboard A. L. R.*, 233 U. S. 261 (58 L. Ed. 949); *Thomas v. Western Car Co.*, 149 U. S. 95 (37 L. Ed. 663).. The rule for which appellants contend,—that is, that, where the assets in the hands of the receiver are sufficient to pay both the principal and interest of preferred claims of the highest class, the receiver shall make distribution on that basis,—prevails in the Federal, and has support in some state, courts. II Tardy's Smith on Receivers (2d Ed.) 1678, 1679; *American Iron & S. Mfg. Co. v. Seaboard A. L. R.*, supra; *Central Tr. Co. v. Condon*,

616

14 C. C. A. 314 (67 Fed. 84); *Spring Coal Co. v. Keech,* 152 C. C. A. 98 (239 Fed. 48); *Pennsylvania Steel Co. v. New York City R. Co.,* 132 C. C. A. 518 (216 Fed. 458); *Moore v. Watauga & Y. R. Co.,* supra. Other courts, however, have adopted a contrary rule. *People v. American L. & Tr. Co.,* 172 N. Y. 371 (65 N. E. 200); *Northwest Lbr. Co. v. Scandinavian-American Bank,* supra.

We come now to determine which, if any, of the foregoing rules is applicable to, or decisive of, the question before us.

Section 12719 of the Code of 1927 (Section 3825-a, 1913 Supplement) provides as follows:

"When the property of any * * * corporation has been placed in the hands of a receiver for distribution, after the payment of all costs the following claims shall be entitled to priority of payment in the order named: * * * 2. Debts due or taxes assessed and levied for the benefit of the state, county, or other municipal corporation in this state. * * *"

Section 9239 of the Code of 1927 (Section 1877, Code, 1897) provides that the net assets of an insolvent bank "shall be ratably distributed among the creditors thereof, giving preference in payment to depositors."

As already appears, the claims of appellants arise out of deposits of public revenues of O'Brien County in the Sanborn State Bank, as a legally designated depository. The obvious purpose of the legislature in the enactment of the statutes providing for the deposit by county treasurers of public funds in banks, to be designated by the board of supervisors, is to provide for, and to secure, greater safety in their preservation. The funds thus coming into the hands of county treasurers belong to, and are to be used by, the respective municipalities entitled to receive same in the payment of current or other form of municipal indebtedness. The requirement that banks thus designated by the board of supervisors shall execute bonds for the security and protection of deposits of public funds is designed to bring about prompt and immediate payment thereof, in case of default on the part of such depository. Deposits of public funds thus made are in no sense investments, but, as stated, the whole purpose is to assure greater safety of the funds.

The rule announced in the *Marathon Bank* case, under the authority of which priority of payment was awarded in favor of counties, no longer prevails in this state. *Leach v. Exchange State Bank of Stuart,* 200 Iowa 185.

While it may be conceded that the relationship between the depositor of the public funds and the depository was that of creditor and debtor, nevertheless, the deposit was for a special purpose. *Northwest Lbr. Co. v. Scandinavian-American Bank,* supra. Neither the county treasurer nor the county had a right to treat or use the public revenues as an investment, or for other purposes than that for which the taxes were levied and collected. The purpose was to provide as nearly as possible for the absolute security of the public revenues,—that is, for the taxes levied and collected for general or special purposes.. The preference in payment accorded to general depositors by Section 9239 of the Code was designed to effect as early payment as possible to the bank's customers.

The hardships that necessarily result from the suspension of payment by banks to depositors, to business, and to the community are well known. No provision is made by statute for the payment of interest, in case of the insolvency of banks, to either the county on its public revenues or to the individual depositor. Was it not the purpose of the legislature to secure as nearly as possible an equitable and just distribution of the funds of a defaulting bank to the public and to its depositors? Had the legislature intended that interest should be allowed upon the deposit of public funds, after the appointment of a receiver, in preference to the claims of general depositors, it would have been a simple matter to have so provided. The very nature of the deposit would seem to negative the thought of interest thereon. To allow interest in favor of the public on its public revenues and to deny it to general depositors, also given preference over general creditors in payment, would be manifestly inequitable and unjust. No such discrimination is or was, we think, contemplated. A subsequent act of the legislature, as construed in *Leach v. Exchange State Bank of Stuart,* supra, has deprived counties of the right to priority of payment on the basis awarded in the present instance. In view of the conclusion reached at this point, we deem it unnecessary to give further consideration to the general aspects of preferential claims

618

against receiverships, or to the rules or exceptions, as some of them stated above are frequently designated. Suffice it to say that there is apparently a tendency on the part of state courts to deny interest on preferred claims unless the assets are sufficient to pay the claims of all creditors in full, after all the expenses of the receivership have been met. We withhold pronouncement at this time on this point.

II. It is further contended by appellants that, because of the unnecessary and vexatious delay of the receiver in the payment of the claims, interest should be allowed. It was in anticipation of this contention that we made a full recital of the procedure in the fore part of this opinion. It is true that the rule for which appellant contends is recognized by the courts, but the creditors of the defunct bank had a right to litigate the questions involved in *Schubert v. Andrew,* supra, and the depositors and general creditors should not, in our opinion, be penalized because of the delay in payment resulting from this litigation.

We reach the conclusion that the court properly denied appellants' claim for interest, and the order and judgment appealed from is affirmed.—*Affirmed.*

All the justices concur.