STATE OF IOWA ex rel., Plaintiff, v. AMERICAN BONDING & CAS-
UALTY COMPANY, Defendant; MORRIS & COMPANY, Appellant.

No. 41033.

OCTOBER 27, 1931.

John M. Lee, John D. Beardsley and Louis S. Goldberg, for
Morris & Company, appellant.

Gill & Gill, for American Bonding & Casualty Company and
W. F. Grandy, Receiver.

MORLING, J.—The record on this appeal is in most respects
similar to that in State v. American Bonding & Casualty Com-
pany, Peru Trust Company, et al., appellants, opinion in which
is filed herewith. The claims are based upon a blanket policy of
the Chicago Bonding & Insurance Company to which was at-
tached a rider whereby the American Bonding & Casualty Com-
pany assumed ''any liability under'' it. The claims (except
some for attorneys' fees and disbursements incurred after the
appointment of the permanent receiver herein) are for numer-
ous accidents and were filed with the receiver of the Chicago
Company and allowed by him. Dividends of 26½ per cent were
paid by the receiver of the Chicago Company.

I. The receiver argues that the policy provided that the
assured shall not voluntarily assume any liability or interfere in

any negotiations for settlement or any legal proceeding, or incur any expense or settle any claim except at his own cost without the written consent of the company previously given. Of the nearly 40 claims filed on the policy here in question the receiver points out none to which he contends this provision is applicable or on the trial whereof this objection was made or evidence introduced sustaining the point. The claimant offered the testimony of K. P. Cotton, who is stated to be "auditor and assistant to" appellee receiver, and the testimony of Milton E. Smith, the claimant's vice president and treasurer. Counsel and the referee seem to have adopted in this case, as in the case of the appeal of the Peru Trust Company, et al., a short form of making the formal proofs. Mr. Cotton "testified that with respect to all of the claims filed by Morris & Company, that arose prior to the appointment of the permanent receiver, the defense was taken over and assumed by American Bonding & Casualty Company. Mr. Cotton further testified that he as employee of Receiver W. F. Grandy checked over each of the claims of Morris & Company herein and found that the amount disbursed by Morris & Company as given in the testimony of Mr. Smith, which he heard, agrees with the records of the receiver and the American Bonding & Casualty Company and the Chicago Bonding & Insurance Company, except where the testimony already given discloses the difference; that he has an independent record thereof, including verification from attorneys employed by American Bonding & Casualty Company, certified copies of judgments * * * that after the alleged consolidation Morris & Company paid all the premiums under said policy and under endorsements thereto to American Bonding & Casualty Company or its agent. * * * That American Bonding & Casualty Company and the receiver herein did employ or continue the employment of various local attorneys to defend Morris & Company under said Chicago Bonding & Insurance Company policy up to and about December 1, 1921, regardless of whether the accidents occurred prior to or subsequent to December 31, 1920, and that the receiver has paid these local attorneys for all services rendered after the appointment of the permanent receiver."

The referee, in disallowing the claims generally, did so for the same reasons as set out in the opinion on the appeal of the Peru Trust Company and others. The referee in these cases, as

well as in those with respect to these claims severally, states "that if the same is allowed in this receivership it should be allowed and established as a general claim," etc., and that nothing should be paid upon them until the general creditors of the American Bonding and Casualty Company as established in this receivership have first received dividends of 26½ per cent upon their claims as established. We discover no claim to which the objection here made should be applied.

II. There are claims however and items of claims to which the foregoing is not applicable,—namely, claims for attorneys' fees, disbursements and costs incurred by claimant on its own behalf as found by the referee after the appointment of the permanent receiver of the American Bonding & Casualty Company. The referee disallowed such claims without qualification. There seems to be no evidence that the receiver was consulted or refused to defend actions against the insured, or that such attorneys' fees and costs incurred by claimant were of the amounts claimed. The action of the referee in rejecting these and of the trial court in affirming was correct. Jones v. Southern Surety Co., 210 Iowa 61; Byrd v. Georgia Casualty Co., 114 S. E. 1, 184 N. C. 224. To that extent the order and judgment of the trial court is affirmed. The remainder of the claims of Morris & Company should be allowed as general claims subject to the provision to which exception is not taken that nothing shall be paid upon them until the general creditors of the American Bonding & Casualty Company as established in the receivership have received dividends of 26½ per cent upon their claims as finally established. In the application hereof the right of priority of policyholders of the American Bonding & Casualty Company, including the appellant, in the distribution of the fund received by the appellee receiver from the Insurance Department of Iowa must be maintained and the general creditors entitled to first receive dividends of 26½ per cent limited to the general creditors who are such policyholders and have not received a 26½ per cent dividend.—Affirmed in Part; Reversed in Part.

FAVILLE, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.