STATE OF IOWA ex rel. BENJ. GIBSON, Attorney-general, Plaintiff, v. AMERICAN BONDING & CASUALTY COMPANY et al, Defendants, W. F. GRANDY, Receiver, Appellee, MORRIS & COMPANY, Claimant, Appellant.

No. 41827.

OCTOBER 17, 1933.

John M. Lee, and Lehmann, Hurlburt & Hossfeld, for appellant Morris & Company.

F. E. Gill and Gill & Gill, for appellee American Bonding & Casualty Company, and W. F. Grandy, receiver.

ANDERSON, J.—On February 26, 1921, a receiver was appointed for the American Bonding & Casualty Company, in the district court of Woodbury county, Iowa, and the action is still pending. Various issues arising in said receivership have been heretofore before this court. State ex rel. v. American Bonding & Casualty Co., 206 Iowa 988, 221 N. W. 585; State ex rel. v. American Bonding & Casualty Co., Morris & Company, claimants, 213 Iowa 197, 238 N. W. 731; State ex rel. v. American Bonding & Casualty Co., 213 Iowa 200, 238 N. W. 726; Id., 213 Iowa 211, 238 N. W. 709. The facts fully appear in the cited cases and will not again be repeated. Morris & Co., the appellant herein, filed its claims with the receiver for a balance claimed to be due it after the application of certain dividends amounting to 26½ per cent paid to it through the receivership of the Chicago Bonding & Insurance Company. The trial court disallowed such claim, and the claimant appealed from such order and ruling to this court and secured a reversal thereof. State ex rel. v. American Bonding & Casualty Co., Morris & Co., Appellant, 213 Iowa 197, 238 N. W. 731, 732. This court in its opinion rejected some of the claims and in reference to the claims now under consideration held:

"The remainder of the claims of Morris & Co. should be allowed as general claims subject to the provision, to which exception is not taken, that nothing shall be paid upon them until the general creditors of the American Bonding & Casualty Company as established in the receivership have received dividends of 26½ per cent upon their claims as finally established."

This court limited the payment of the dividend of 26½ per cent to the general creditors of the American Bonding & Casualty Company, including the appellant, who are policyholders in the American Bonding & Casualty Company.

Following the filing of the opinion of this court in the foregoing case, the district court of Woodbury county, Iowa, entered an order and decree reciting that:

"In accordance with the opinion and decision of the Supreme Court on said claims involved in said decision, the court finds: that the said claims hereinbefore set out should be allowed and established in accordance with the Iowa Supreme Court decision for the amounts hereinafter set opposite the claimant's name as preferred claims entitled to participate in this receivership estate as in accordance with the decisions of the Supreme Court of Iowa * * * ."

Then follows a list including the claims here involved. The court in its decree further found that 26½ per cent had been paid upon all such claims and

"that there has been paid on all other claims established in this receivership (except the claims herein listed) dividends totaling with the payments made by the receiver of the Chicago Bonding & Insurance Company and the receiver of the American Bonding & Casualty Company under decrees heretofore entered by this court, 61½%; and the court, as to the claims listed in this decree, orders and directs that the listed claims established in this decree on which 26½% has been paid, shall receive out of the funds of this estate in addition to the dividend of 26½% * * * a dividend at this time of 35%, and on the claims herein on which no dividend has been paid 61½%, so that all claimants whose claims have been and are hereby established in this receivership shall have received dividends equaling 61½% of their respective claims up to this date."

The receiver of the American Bonding & Casualty Company later filed an application, reciting that upon all claims allowed against the receivership, dividends amounting to 61½ per cent have been paid. And that the remaining assets are sufficient to pay all claims in full, without regard to class or rank, and about 2 per cent interest on the amount of said claims. The application further reciting that the court had heretofore reserved for future consideration, the matter of interest, if any, to be paid upon claims out of the earnings of the receivership during the administration of the estate. The application further reciting that securities held by the insurance commissioner of the state of Iowa of the face value of $703,250 had been turned over to the receiver, and that this together with other assets had been kept invested and the accumulations thereby earned had been added to the assets in the hands of

the receiver; that various claims had been designated "preferred claims" and others as "general claims"; and the receiver asked direction and order of the court as to the distribution of the balance of the assets and that such assets be distributed pro rata on the respective amounts of all claims established "without regard to rank or class of the respective claims". All parties interested appeared upon the hearing of this application, but no resistance thereto was filed, and the court entered a finding and order

" * * * that all of the claims established in the receivership matter were unliquidated claims for damages and were not claims for fixed amounts by contract or obligations providing for the payment of any interest, and that no interest is due on any of said claims except the statutory rate of interest from and after the time of establishing claims in the event that there is more than sufficient to pay all claims in full."

The court further found that all assets remaining in the hands of the receiver are general assets to be distributed pro rata among all the claims without regard to rank or class.

The appellant, Morris & Company, later filed exceptions to said order and decree of the court, alleging that its claim was a preferred one, and that it should be paid in full with 6 per cent interest before the payment of any general claims.

The exceptions so filed by the appellant were never brought to the attention of the trial court and no ruling was ever had thereon in the trial court; but appellant prosecutes this appeal from the order and decree of the court heretofore recited. We doubt seriously whether the appellants, not having resisted the receiver's application and not having brought their exceptions to the attention of the trial court, are properly in this court on this appeal; but we will dispose of the matters presented on the merits.

There is no showing in the record that would warrant us in finding that there were any claims allowed, either as preferred or general, other than the class in which the appellant's claim is listed. This court, in State v. Bonding Co., Morris & Co., Appellant, 213 Iowa 197, 238 N. W. 731, found that the claims of the appellant, Morris & Co., should be allowed as *general claims,* and such ruling fixes the status of such claims regardless of any subsequent orders of the trial court.

All claims established in this receivership amounting to

$847,866, as shown by the records, were unliquidated claims for damages—noninterest-bearing obligations. The classification of the claims as "preferred" and "general" prior to the decision of this court last above mentioned, was made by the trial court to give to the creditors of the American Bonding & Casualty Company a priority over the creditors of the Chicago Bonding & Insurance Company only, and had no reference to any other claims. This court held that such designation and classification by the trial court was erroneous, and that each of said classes of said claims should be on a parity. We think our prior holding is determinative of the question here involved. We hold therefore that all claims against this receivership as established and allowed by the trial court are claims of the same class and should receive equal dividends in the distribution of the assets of the American Bonding & Casualty Company, and if any assets remain in the hands of the receiver after the payment of all claims in full, including the expenses and costs of receivership, they shall be distributed pro rata upon the various claims as interest, to be computed from the date of the allowance of such claims, at 6 per cent per annum.

No claim is pointed out that would be entitled to participate in the distribution of the assets in the hands of the receiver in any different manner or class than the claim of appellant. So far as the record shows all claims established are on the same plane and in the same class in this receivership, and are entitled to participate equally in the assets in the hands of the receiver. There is nothing in the record to show to the contrary. All were unliquidated claims against either the American Bonding & Casualty Company or the Chicago Bonding & Insurance Company, and no distinction should be made in the payment of the dividends and interest.

Appellant is entitled to the payment of the balance of its claim pro rata with the other claims filed and established against this receivership, with its pro rata share of any remaining funds, after all claims are paid in full, as interest, computed from the date of the establishment of its claim, to wit, January 4, 1932, at 6 per cent per annum.

We have held that interest will not be allowed on the claims of creditors of an insolvent corporation unless the assets are sufficient to pay all claims established, together with interest and costs of administration, unless the receiver has taken possession of property which is mortgaged or otherwise pledged to secure the payment

of a particular debt with interest, and the pledged property is of sufficient value for that purpose. Leach v. Sanborn State Bank, 210 Iowa 613, 231 N. W. 497, 69 A. L. R. 1206; Hinrichs v. Higley & Co., 199 Iowa 765, 202 N. W. 746; In re Assignment of Cutler & Horgen, 213 Iowa 983, 234 N. W. 238, 238 N. W. 80.

It follows from what we have said that the ruling of the district court of which appellant complains was right, and it is accordingly affirmed.—Affirmed.

ALBERT, C. J., and EVANS, STEVENS, KINDIG, MITCHELL, and KINTZINGER, JJ., concur.