## WEEMS, State Treas., et al. v. TOWN OF COVINGTON.

### No. 23956.   March 6, 1934.

J. Berry King, Atty. Gen., and Randall S. Cobb, Asst. Atty. Gen., (George J. Fagin, of counsel), for plaintiffs in error.

Dyer & Smith, for defendant in error.

WELCH, J.   This action was brought in the district court of Garfield county, Okla., by the town of Covington, a municipal corporation, against R. A. Sneed, State Treasurer; R. A. Sneed, individually; C. G. Shull, Bank Commissioner; C. G. Shull, individually; American State Bank of Covington, Okla., and E. R. Stolaberger, liquidating agent of the American State Bank of Covington, and E. F. Fitzgerald.   Ray O. Weems, State Treasurer, has been substituted for R. A. Sneed, State Treasurer.

The suit was instituted for the purpose of recovering $12,000 public utility bonds and funding bonds issued by the town of Covington, and subsequently acquired by said municipality as a sinking fund investment, which bonds had been pledged to the state of Oklahoma as security for a deposit of state funds in the said American State Bank of Covington.

The defendant Fitzgerald, at the time of the transactions involved, was treasurer of the town of Covington, and was also cashier of the American State Bank, and on and prior to the 13th day of October, 1930, the bonds were pledged by Fitzgerald to the State Treasurer as assets of the bank for the security of a state deposit.   The bonds were negotiable instruments payable to bearer, and had not matured at the time they were pledged.   Subsequent to the pledging of the bonds the American State Bank of Covington became insolvent, and at the time of said insolvency had on deposit the state funds to secure which the bonds were pledged.

The cause was tried to the court, resulting in a judgment in favor of the town of Covington, which was plaintiff below, and the defendants have appealed.

The principal questions presented by the plaintiffs in error are essentially the same questions as were presented in the case of Mays v. Board of Com'rs of Creek County et al., 164 Okla. 231, 23 P. (2d) 664, and we consider the decision in that case controlling herein.   Therein it is held:

"Section 1, chapter 99, Session Laws 1925, relating to banks and banking, has no application to county depositories of public funds, such depositories being governed by chapter 88, Session Laws 1925."

In the instant case we hold that section 1, chapter 99, Session Laws 1925, relating to banks and banking, has no application to state depositories of public funds.

In the Mays Case, supra, it is held:

"A negotiable United States bond duly executed and delivered and payable to bearer, passes by delivery, and it is well settled that such bond is enforceable by a bona fide purchaser, and he is entitled to the proceeds thereof, although he obtained it through one not the owner, who had stolen it, or otherwise unlawfully obtained it, and this is the rule under the Negotiable Instruments Law."

And this is equally true as to public utility and funding bonds duly executed and delivered and payable to bearer.   Furthermore, it is held in the Mays Case, supra, that:

"One who takes a negotiable United States bond before maturity as collateral security is a purchaser for value and unaffected by any equities between the original parties of which he had no notice."

And this is equally true of the bonds herein involved.

The questions determined · by the above-quoted sections of the syllabus of the Mays Case, supra, are determinative of the similar questions raised in the instant case, and in our opinion effectively control the disposition of this cause. We, therefore, do not pass upon other questions raised by plaintiffs in error.

The judgment of the trial court is therefore reversed.

CULLISON, V. C. J., and SWINDALL, McNEILL, and BAYLESS, JJ., concur.