## In re Coatesville Trust Company. No. 4

*C. Raymond Young,* for exceptant.

*Thomas C. Gawthrop* and *H. F. Troutman,* for accountant.

WINDLE, J., September 5, 1934.—Exceptant filed exceptions to the first and partial account of accountant, which were sustained by this court in an opinion filed February 26, 1934. In said opinion, it was decided that exceptant was entitled to receive dividends reckoned on the aggregate amount of his deposits with the trust company at the time of closing, rather than on the balance thereof remaining unpaid after certain collateral pledged to secure said deposits was sold. The accountant had made two advance payments in the nature of dividends to depositors, at the rate each of 20 percent of their deposits, prior to filing his first account, and subsequently made one more such payment, at the rate of 10 percent. Had such payments to exceptant been calculated on the proper basis, to wit, the aggregate amount of his deposits as above, he would have been paid in full on the receipt of a part of the second advance payment. He now seeks to recover interest on the amounts that he should have received from the dates upon which he should have received them, to wit, the dates when said advance payments were made, until the date upon which he finally, after said opinion was handed down, was paid the balance due on the principal of his claim, and has filed these exceptions to accountant's failure to include a claim for such interest in his second and partial account. Other exceptions making claims for interest on said deposits from the date of the closing of the trust company are not now pressed and admittedly could not be sustained.

The above exceptions must be sustained. While a careful examination has revealed no authorities in this State directly in point, yet the question has been decided several times in the Federal courts and in other jurisdictions.

Here the claim is not, strictly speaking, for interest on a deposit but is for interest on a dividend paid in the distribution of the trust company's assets, payment of which was delayed by a contest raised by the receiver. Upon that contest being decided in claimant's favor, be becomes entitled to receive the dividends, which would have been paid prior thereto but for said contest, as of the time when they were paid to others in the same category as claimant, and in order for that to be done and claimant placed on an equality with those others he must be paid interest on said dividends for the periods during which they were withheld. This has been flatly decided by the United States Supreme Court in the case of Armstrong v. American Exchange National Bank of Chicago, 133 U. S. 433. There Armstrong was the receiver of Fidelity National Bank of Cincinnati, and American Exchange National Bank, the plaintiff in the original action, a bill in equity, was a claimant against the funds in his hands. The lower court adjudged that the plaintiff was entitled to interest on a 25 percent dividend on its claim from October 31, 1887, the date said dividend was declared, until the time the dividend should be paid to him, and this the Supreme Court affirmed, saying (p. 470) : "In the present case, the claims of the plaintiff, as allowed, do not include interest beyond the date when the bank failed. Interest upon the dividend which it ought to have received on the 31st of October, 1887, is a different matter. The allowance of that interest is necessary to put the plaintiff on an equality with the other creditors. That point was not decided in *White* v. *Knox;* and we think the Circuit Court did not err in allowing such interest".

In the later case of Dunnagan v. Best, 59 F. (2d) 795, the same conclusion was reached. There a receiver for a national bank disallowed a claim and paid two dividends to other creditors before the court decided that said claim was valid. The district court held that, although interest on the note in question should not be allowed from the date of the closing of the bank, yet interest should be allowed at the legal rate on the amount of dividends which the plaintiff would have received if she had been paid at the time the other creditors were paid. The opinion goes on to say (p. 796) : "While there is very respectable authority to the effect that the other creditors of the bank should not suffer or be penalized by reason of the misfeasance or mistake of the receiver, still I am inclined to think that, in order to place the plaintiff on a parity with the other creditors, she is entitled to receive interest on the amount of dividends which she should have received, from the time they should have been paid to her. This clearly appears to be the ruling of the Supreme Court in Armstrong v. American Exchange Bank, 133 U. S. 433".

To the same effect also is the decision in People v. E. Remington and Sons, 59 Hun 307, 12 N. Y. Supp. 829, subsequently affirmed by the Court of Appeals of New York on the opinion of the lower court, 126 N. Y. 679. Therein the court says, of circumstances similar to those of the present case (p. 309) : "When the payment of a dividend is deferred by reason of an unsuccessful contest of a claim, the creditor so delayed should be allowed interest on the dividend", citing Armstrong v. American Exchange National Bank of Chicago, supra. See also Citizens Savings Bank v. Vaughan et al., 115 Mich. 156, 73 N. W. 143, and George F. Hinrichs, Inc., v. E. B. Highley & Co. et al., 199 Iowa 765, 202 N. W. 746, wherein similar rulings are made.

In the absence then, of authorities to the contrary in this jurisdiction and because we agree with the reason and logic of the decisions above cited, we dispose of these exceptions in conformity with the principle announced in said cases and hold that exceptant is entitled to the interest he claims at the legal rate of 6 percent on deferred payments of dividends.

The payments here directed to be made are payable in full from funds in the hands of the receiver. They clearly are not in the nature of either preferred or general claims against the assets in the hands of the receiver, nor have they the status of deposits. The right to said payments did not come into existence until after the trust company closed—no claim in any category against the estate in the receiver's possession could then have been filed therefor. The right arose during the administration of said estate, by reason of litigation not improperly occasioned, and partakes of the nature of an expense of said administration. As such we believe it should be considered.

We are of opinion that exceptant may raise the question of his right to the interest he now claims in this way. Our former opinion in this matter merely sustained his exceptions at that time passed upon, holding that he was entitled to dividends on the full amount of his deposits. At that time, it is true, no specific claim was made for the interest on said unpaid dividends, and no specific disposition in regard to said interest was made. Whether or not technically such claim should have been made then, we feel that whether we shall entertain the claim thereto now presented is a question largely for the discretion of the court and that, in all fairness and equity and because the court still has control of the assets in this receiver's hand for distribution, exceptant should be permitted to present it at this time. The receiver still has in his possession funds out of which it may be satisfied.

From Truman D. Wade, West Chester, Pa.