**FASH, School District Treasurer, et al. v. FIRST NAT. BANK OF ALVA, OKL., et al.**

**No. 1455.**

Circuit Court of Appeals, Tenth Circuit.

March 30, 1937.

W. L. Houts and H. C. Crandall, both of Alva, Okl., for appellants.

C. H. Mauntel and F. B. H. Spellman, both of Alva, Okl., for appellees.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

The First National Bank of Alva, Okl., was the designated and acting depository of school district No. 1 in that city. The bank was declared insolvent and suspended business on March 14, 1932, having $6,258.-61 of school money on deposit at that time. Following our decision in Kavanaugh v. Fash, 74 F.(2d) 435, sustaining the pledge of certain assets to secure the deposit, the treasurer of the school district and the treasurer of the county instituted this action in the state court against the bank and the receiver to foreclose the lien. A decree of foreclosure was sought for the amount of the deposit with interest thereon at the rate provided by law, costs and expenses of preserving the securities and making sale of them, and reasonable attorneys' fees. After the cause had been removed to the United States District Court the bank and the receiver answered that at all times since receipt of the mandate in the former case, the receiver had been ready, willing, and anxious to pay the amount of the deposit, but that plaintiffs had demanded interest, expenses, and attorneys' fees in addition.

The court sustained the lien for the amount of the deposit, but denied interest after insolvency and attorneys' fees. Plaintiffs appealed.

It is urged that the court should have remanded the cause to the state court. The action is against a national bank and its receiver. It relates to the winding up of the affairs of the bank and arises under the laws of the United States. It was, therefore, removable. Judicial Code § 24 par. (16), 28 U.S.C.A. § 41(16); International Trust Co. v. Weeks, 203 U.S. 364, 27 S.Ct. 69, 51 L.Ed. 224; Larabee Flour Mills v. First Nat. Bank (C.C.A.) 13 F.(2d) 330; Fleming v. Gamble (C.C.A.) 37 F.(2d) 72; Guarantee Co. of North Dakota v. Hanway (C.C.A.) 104 F. 369.

The comptroller is required in liquidating the affairs of an insolvent national bank to make ratable distribution of all money coming from the receiver on all claims which have been proved to his satisfaction

112

or adjudicated in a court of competent jurisdiction. 12 U.S.C.A. § 194. And for the purpose of making such distribution claims of creditors are to be determined as of the date on which insolvency was declared. Their value at that time is the basis of apportionment in paying dividends. White v. Knox, 111 U.S. 784, 4 S.Ct. 686, 28 L.Ed. 603; Merrill v. National Bank of Jacksonville, 173 U.S. 131, 19 S.Ct. 360, 43 L.Ed. 640; Kershaw v. Jenkins (C.C.A.) 71 F. (2d) 647; American Surety Co. v. De Carle (C.C.A.) 25 F.(2d) 18; Kennedy v. Boston-Continental Nat. Bank (C.C.A.) 84 F.(2d) 592.

■ It is well settled that interest accruing on a claim after insolvency cannot be paid unless the assets are sufficient to pay all claims in full, because to pay interest on one while others are unpaid in whole or in part would violate the exaction of ratable distribution of assets. White v. Knox, supra; Kershaw v. Jenkins, supra; Anderson v. Missouri State Life Ins. Co. (C.C.A.) 69 F.(2d) 794; Richman v. First Methodist Episcopal Church (C.C.A.) 76 F. (2d) 344; Pinckney v. Wylie (C.C.A.) 86 F.(2d) 541; American Nat. Bank v. Williams (C.C.A.) 101 F. 943. And that rule applies to a claim for a deposit secured by pledged collateral. Interest cannot be paid on such a claim whether it be public money deposited pursuant to the provisions of law, Douglass v. Thurston County (C.C.A.) 86 F.(2d) 899; In re American Bank & Trust Co. of Ardmore, 176 Okl. 202, 55 P.(2d) 470; or money of an individual deposited voluntarily, Gamble v. Wimberly (C.C.A.) 44 F.(2d) 329. Some courts have suggested that where a receiver is unreasonable or vexatious in resisting a claim, interest may be allowed during the delay thus occasioned. Leach v. Sanborn State Bank, 210 Iowa, 613, 231 N.W. 497, 69 A.L.R. 1206; Bank of America Nat. T. & S. Ass'n v. California S. & C. Bank, 218 Cal. 261, 22 P.(2d) 704. It likewise has been intimated that interest may be awarded if the receiver is otherwise at fault in administering the trust. Richardson v. Louisville Banking Co. (C. C.A.) 94 F. 442. But there is no need to explore that field, as it is not contended that the receiver acted in that manner in the institution of the action in which he failed, the sole contention being that interest should be allowed from the date on which insolvency was declared to the date of payment.

■ It is urged that the employment of attorneys to represent the school district in the former action which involved the validity of the pledge was necessary; that the attorneys rendered valuable services in causing the pledge to be sustained; that the treasurer of the school district did not have any fund upon which he could draw to pay the attorneys; and that reasonable attorneys' fees should have been allowed. That the employment of attorneys was necessary and that they rendered valuable services may be freely conceded. But that is not the test. The National Bank Act (12 U.S. C.A. § 21 et seq.) provides a complete and exclusive code for the liquidation of the affairs of an insolvent national bank. Cook County Nat. Bank v. United States, 107 U.S. 445, 2 S.Ct. 561, 27 L.Ed. 537. And the allowance of attorneys' fees here would constitute a plain impingement upon the provision which requires ratable distribution of the assets among creditors having approved or adjudicated claims. Citizens' Bank & Trust Co. v. Thornton (C.C.A.) 174 F. 752; Dunnagan v. Best (D.C.) 59 F. (2d) 795.

Concluding that the court was right in disallowing interest after insolvency and attorneys' fees, the decree is affirmed.